HERMAN H. GRIMM v. A. T. WATSON, OPERATING AND DOING BUSINESS AS CITY RAPID TRANSIT COMPANY.

(Filed 13 December, 1950.)

**1. Automobiles § 8c—**

The violation of either of the requirements of G.S. 20-154 that a motorist before turning to the right or left from a direct line on the highway must first exercise reasonable care to ascertain that such movement can be made in safety and shall give the appropriate statutory signal of his intention to make a turn is negligence *per se* and is actionable if it proximately causes injury.

**2. Automobiles § 18h (2)—**

Evidence tending to show that plaintiff, following defendant's bus on the highway, turned into the left or passing lane of the highway and blew his horn to warn of his intention to pass the bus, which was traveling in the right traffic lane, and that when plaintiff's car was abreast the rear wheels of the bus, the bus driver turned sharply to the left without any signal or warning, resulting in collision in suit, *is held* sufficient to be submitted to the jury on the issue of negligence.

**3. Automobiles § 18h (3) : Negligence § 19c—**

Defendant is not entitled to nonsuit on the ground of contributory negligence unless plaintiff's own evidence establishes the facts indispensable to sustain the plea.

APPEAL by defendant from *Phillips, J.,* and a jury, at the March Term, 1950, of MOORE.

Civil action arising out of a collision between two motor vehicles proceeding in the same direction.

The accident occurred upon the Fort Bragg-Fayetteville Boulevard on 21 July, 1948, when the plaintiff's Chevrolet car overtook and attempted to pass the defendant's bus, which was admittedly being operated on a mission for the defendant. The plaintiff sought damages for injuries to his person and vehicle upon a complaint charging that such injuries were caused by the actionable negligence of the bus driver. The answer denied this charge, and pleaded as an affirmative defense that the plaintiff failed to keep a proper lookout and drove at an excessive speed and thereby proximately contributed to his injuries.

The Fort Bragg-Fayetteville Boulevard connects Fort Bragg on the north and Fayetteville on the south. It is a dual highway having two lanes of traffic in each direction, with a wide grass plot between the pairs of lanes. The left of the lanes on each side is for passing other motor vehicles going in the same direction, and there are numerous signs so warning motorists. The pairs of lanes are joined by occasional cross-overs used when motorists want to go in the opposite direction.

According to the plaintiff's evidence, the events giving rise to this litigation happened in this way:

The defendant's bus was traveling toward Fort Bragg at a speed of about 25 miles per hour, and the plaintiff's car was following the bus at a speed of about 35 miles per hour. Both vehicles were proceeding in the outside or right traffic lane. When the car was 100 yards behind the bus, the plaintiff observed that the left lane was clear, and pulled into such lane for the purpose of passing the bus. After so doing, he blew his horn to warn the bus driver of his intention to pass the bus, which was still in the outside or right traffic lane. When the front of the plaintiff's car was abreast the rear wheels of the bus, the bus driver turned the bus sharply to the left without any signal or warning, and entered the left traffic lane, striking and damaging the plaintiff's car and injuring the plaintiff. The highway is level and straight at the scene of the collision, which occurred several hundred feet from the nearest cross-over.

Testimony for the defendant gave this version of the untoward occurrence:

The bus driver, who was proceeding toward Fort Bragg in the outside or right traffic lane of the boulevard, desired to turn left, cross the grass plot dividing the pairs of traffic lanes at a place other than a regular cross-over, and return to Fayetteville on the opposite side of the dual highway. He ascertained by the use of the rear-view and side-view mirrors on the bus that no motor vehicle was nearing the bus from the rear, and turned on an electrical signal device on the back of the bus to indicate his intention to make the contemplated left turn. After taking these

precautions, he pulled the bus to the left. Just as the left front wheel of the bus entered the left traffic lane, the plaintiff's car came upon the scene from the rear at a high speed, striking the bus back of its left rear wheel and causing the damage and injury whereof the plaintiff complains.

Issues were submitted to and answered by the jury as follows:

1. Was the personal property of the plaintiff injured and damaged by the negligence of the defendant, as alleged in the complaint?

Answer: Yes.

2. Was the plaintiff injured by the negligence of the defendant, as alleged in the complaint?

Answer: Yes.

3. Did the plaintiff by his negligence contribute to his own injury and damage, as alleged in the answer?

Answer: No.

4. What property damage, if any, is the plaintiff entitled to recover?

Answer: $600.00.

5. What amount, if any, is the plaintiff entitled to recover for personal injuries? .

Answer: $900.00.

The court entered judgment on the verdict, and the defendant appealed, assigning errors.

*Spence & Boyette for plaintiff, appellee.*
*Seawell & Seawell for defendant, appellant.*

ERVIN, J. The defendant reserved exceptions to the refusal of his motions for a compulsory nonsuit under G.S. 1-183.

Under the statute codified as G.S. 20-154, any person who undertakes to drive a motor vehicle upon a highway must exercise reasonable care to ascertain that such movement can be made in safety before he turns either to the right or the left from a direct line. Besides he is required by the same statute to signal his intention to turn in the prescribed manner and for the specified distance before changing his course "whenever the operation of any other vehicle may be affected by such movement." A motorist violates G.S. 20-154 and in consequence is negligent as a matter of law if he fails to observe either of these statutory precautions in changing the course of his vehicle upon the highway, and his negligence in such respect is actionable if it proximately causes injury to another. *Cooley v. Baker,* 231 N.C. 533, 58 S.E. 2d 115. This being so, the issue of whether the driver of the defendant's bus was guilty of actionable negligence was rightly adjudged to be a question of fact for the determination of the jury.

This brings us to the defendant's contention that the plaintiff was contributorily negligent as a matter of law.

The plea of contributory negligence in this case is simply this: (1) That the plaintiff drove his automobile upon the highway at an excessive speed and without keeping a proper lookout; and (2) that such specific acts of negligence proximately contributed to the plaintiff's damage and injury. The controlling rule on this phase of the litigation is elaborated in *Bundy v. Powell,* 229 N.C. 707, 51 S.E. 2d 307, where this language is used: "Contributory negligence is an affirmative defense which the defendant must plead and prove. G.S. 1-139. Nevertheless, the rule is firmly embedded in our adjective law that a defendant may take advantage of his plea of contributory negligence by a motion for a compulsory judgment of nonsuit under G.S. 1-183 when the facts necessary to show the contributory negligence are established by the plaintiff's own evidence."

The testimony of the plaintiff at the trial did not establish the facts indispensable to the defendant's plea of contributory negligence. Hence, the trial judge rightly rejected the argument that the plaintiff was guilty of contributory negligence as a matter of law.

The questions raised by the remaining exceptions have been decided adversely to defendant in well considered precedents, and require no discussion.

The judgment of the Superior Court is upheld, for there is in law

No error.