W. W. GASPERSON v. CLAUDE RICE, SR., CLAUDE RICE, JR., AND YOUNGBLOOD TRUCK LINES, INC.

(Filed 29 September, 1954.)

**1. Trial § 55: Appeal and Error § 40d—**

   Where a jury trial is waived, the findings of fact of the trial court have the force and effect of a verdict by jury and are conclusive on appeal if there be competent evidence to support such findings.

2. **Automobiles §§ 14, 18h (3)—Plaintiff held guilty of contributory negligence in turning left without seeing that movement could be made in safety.**

In this trial by the court under agreement of the parties, plaintiff's testimony to the effect that he looked in his rear-view mirror upon giving a left-turn signal some 350 feet before making the left turn, but did not look in the mirror again and did not see the tractor-trailer, which was following, at any time before collision, together with defendant's evidence that as the tractor-trailer came alongside plaintiff's vehicle in an attempt to pass, plaintiff cut left into the side of defendant's vehicle, with the point of impact being behind the tractor and at the front of the trailer, *is held* sufficient to support the trial court's conclusion that plaintiff was guilty of contributory negligence proximately causing his injury, and nonsuit was proper. G.S. 20-154.

APPEAL by plaintiff from *Whilmire, Special Judge,* at July "A" Term, 1954, of BUNCOMBE.

Civil action to recover for personal injuries and property damage resulting from a collision of two motor vehicles, heard below on appeal from the General County Court.

The collision occurred on the Sweeten Creek Road a few miles south of Asheville. Both vehicles were proceeding northwardly. The plaintiff, driving a pick-up truck, was in front. The defendant Claude Rice, Jr., driving the tractor-trailer of the defendant Claude Rice, Sr., was in the act of overtaking and passing the pick-up truck, which was turning left from the highway into a side road.

Issues of negligence, contributory negligence, and damages were raised by the pleadings. Jury trial was waived (G.S. 7-287). The judge of the County Court, on the basis of findings and conclusions that both drivers were negligent and that the negligence of each contributed as a proximate cause of the collision, entered judgment denying recovery and dismissing the action.

To the findings and conclusions adverse to the plaintiff, he excepted and appealed to the Superior Court. There all his exceptions and assignments of error were overruled and the judgment of the County Court was affirmed.

From the judgment of the Superior Court the plaintiff appeals to this Court.

*S. J. Pegram and William J. Cocke for plaintiff, appellant.*
*Adams & Adams for defendants, appellees.*

JOHNSON, J. Where jury trial is waived, the findings of fact of the trial court have the force and effect of a verdict by jury and are conclusive on appeal if there be competent evidence to support such findings. *Woody v. Barnett,* 239 N.C. 420, 79 S.E. 2d 789.

The plaintiff's assignments of error challenge the sufficiency of the evidence to support the findings and conclusion that the plaintiff was contributorily negligent.

The General County Court found and concluded in substance that the plaintiff was negligent in that before making the left turn into the side road he did not exercise reasonable care to ascertain that such movement could be made in safety, as required by G.S. 20-154, and that such negligence was a proximate cause of the plaintiff's injury and damage. The crucial portion of the determinative finding of the court below is that "the plaintiff did not look to his rear and to his left and thus failed to observe, as he should have observed, the oncoming tractor-trailer . . ."

The record discloses plenary evidence in support of the crucial findings which defeat plaintiff's right to recover. It suffices to note that the plaintiff on cross-examination stated that he looked in his mirror when he gave the left-turn signal 350 feet before turning but that he did not look in the mirror again. He further admitted he never saw the tractor-trailer at any time before the collision. As to this, the defendants' evidence discloses that as the tractor-trailer came alongside the plaintiff's pick-up, the plaintiff cut left into the side of the passing vehicle, with the point of impact being behind the tractor and at the front of the trailer.

Prejudicial error has not been made to appear. The judgment below will be sustained under authority of *Grimm v. Watson*, 233 N.C. 65, 62 S.E. 2d 538, and *Ervin v. Mills Co.*, 233 N.C. 415, 64 S.E. 2d 431.

Affirmed.