RAYMOND EASTER EASON v. JIMMIE GRIMSLEY, DAN BRAXTON t/a DAN BRAXTON TRUCKING COMPANY AND WHITE OWN MOTOR COMPANY.

(Filed 11 October, 1961.)

**1. Negligence § 24a;　Trial § 21—**

In determining a motion to nonsuit made at the close of all of the evidence, defendant's evidence in contradiction of that of plaintiff cannot be considered.

**2. Automobiles § 41h—**

Evidence that defendant driver attempted to turn left into a dirt road without giving a plain and visible signal of his intention to do so, did not keep a proper lookout, and did not heed plaintiff's warning horn, resulting in a collision with plaintiff's vehicle as plaintiff, travelling in the same direction, was attempting to pass, is sufficient to be submitted to the jury on the issue of negligence. G.S. 20-154.

**3. Automobiles § 41a—**

Inferences of negligence which arise on the evidence but which are not supported by allegation, cannot be considered in passing upon the sufficiency of the evidence.

**4. Pleadings § 28—**

Proof without allegation is ineffectual.

**5. Automobiles § 50—**

The negligence of the driver of a car is ordinarily imputed to the owner riding therein as a passenger, nothing else appearing.

**6. Automobiles § 14—**

G.S. 20-149(a) does not require that a vehicle must pass at least two feet to the left of the center line of the highway in passing another vehicle travelling in the same direction, but only that it pass at least two feet to the left of the other vehicle.

**7. Automobiles § 42e—**

Where the evidence supports contrary conclusions as to whether plaintiff, in attempting to pass another vehicle travelling in the same direction, did or did not drive at least two feet to the left of such other vehicle, nonsuit may not be properly entered on the ground of plaintiff's violation of G.S.120-149(a) in this respect.

**8. Automobiles § 42a—**

Nonsuit may not be allowed on the ground that plaintiff's own evidence established plaintiff's violation of a safety statute when such violation is not pleaded by defendant.

**9. Automobiles § 42e—　Evidence held not to show contributory negligence as matter of law on part of plaintiff in attempting to pass defendant's vehicle.**

The collision in suit occurred when plaintiff's car, while in the act of

passing defendant's tractor-trailer travelling in the same direction, was struck when defendant driver attempted to turn left to enter a dirt road. Defendants contended that nonsuit should be entered upon testimony of a statement, introduced by plaintiff, that defendant driver gave a signal of his intention to turn. The witness further testified that the signal lights of defendant's vehicle would not blink when turned on but would come on and stay on, and were so covered with mud and scum that they could be seen at a distance of only 12 or 14 feet. *Held:* Nonsuit for contributory negligence should have been denied not only because the evidence was conflicting as to whether a proper turn signal was given, but also because it was a question for the jury whether the signal, if properly given, was given sufficiently in advance of the movement to require plaintiff to yield.

**10. Automobiles § 8—**

The giving of a signal for a left turn does not give the signaler an absolute right to make the turn immediately, regardless of circumstances, but the signaler must first ascertain that the movement may be made safely, and when the circumstances do not allow the signaler a reasonable margin of safety, other motorists affected have the right to assume that he will delay his movement until it may be made in safety. G.S. 20-154(a).

**11. Negligence § 26—**

Nonsuit on the ground of contributory negligence may not be entered when it is necessary to rely in whole or in part upon defendant's evidence, or when diverse inferences upon the question are reasonably deducible from plaintiff's evidence.

APPEAL by plaintiff from *Stevens, J.,* March 13, 1961, term of NASH.

This is a civil action to recover damages for injury to plaintiff's automobile in a collision with a tractor-trailer combination, driven by defendant Grimsley and owned or in the service of the other named defendants.

At the close of the evidence the court allowed defendants' motion for nonsuit and entered judgment dismissing the action.

Plaintiff appeals.

*Fields & Cooper for plaintiff.*

*David E. Reid, Jr., James & Speight and W. H. Watson for defendants.*

MOORE, J. The sole question is whether or not the court erred in granting nonsuit.

When considered in the light most favorable to plaintiff, the evidence tends to show: On 25 March 1960, about 8:30 A.M., plaintiff was owner of and a passenger in an automobile, driven by his son. It was drizzling rain. The automobile was proceeding eastwardly on

Highway 97 in or near Leggett. The driver observed a slow-moving tractor-trailer ahead, proceeding in the same direction. The highway was straight, and the speed of the automobile about 35 miles per hour. When about 50 yards from the tractor-trailer, the driver of the automobile sounded the horn and pulled to the left to pass. He saw "no indication of the blinker lights blinking off and on the" tractor-trailer. He "saw no signals whatsoever." As the automobile got even with the cab of the tractor, the tractor turned left to enter a narrow, dirt side-road or path at the north edge of the highway. There is no highway marker indicating a side road at this point. The bumper and left fender of the tractor struck the automobile on the right front fender just behind the head lights. The automobile "was close to two feet from the center line when the collision occurred." The tractor-trailer was to the right of the center line when the automobile started to pass. The investigating patrolman found "a little dirt on the center line and approximately 18 inches to 2 feet north or left of the center line." When he examined the electric turn signals on the tractor-trailer and turned them on, the lights on the rear "did not blink; they just came on and stayed on." All of the rear lights were completely covered with mud or road scum, and you could not see them over a distance of 12 or 14 feet to tell whether they were on or off. They were very dim." The driver of the tractor-trailer stated to the patrolman that "he looked in the mirror and did not see a vehicle behind him and that just as he started to turn he looked in the rear view mirror again, and the car was right up along side of him," and that "he gave a signal, but did not hear a horn blow."

Defendants offered evidence contradicting, in material part, most of plaintiff's evidence.

"Where the defendant introduces evidence G.S. 1-183 requires (on motion to nonsuit) a consideration of all the evidence; even so, it is clear that only that part of defendant's evidence which is favorable to plaintiff can be considered, since otherwise the court would have to pass upon the weight and credibility of the evidence." (Parentheses ours). 3 Strong's Index, Negligence, s. 24a, p. 471; *Wall v. Bain,* 222 N.C. 375, 23 S.E. 2d 330.

From the evidence favorable to plaintiff the inference is permissible that defendants were negligent in that they failed to give a "plainly visible" signal of intention to turn left, did not keep a proper lookout, and did not heed plaintiff's warning horn, and that such negligence was a proximate cause of the collision. G.S. 20-154; *Jones v. Mathis,* 254 N.C. 421, 119 S.E. 2d 200; *Grimm v. Watson,* 233 N.C. 65, 62 S.E. 2d 538. Other inferences of negligence on the part of defendants may be drawn from the evidence, but they were not pleaded and cannot be

considered. There must be both allegation and proof. *Poultry Co. v. Equipment Co.*, 247 N.C. 570, 572, 101 S.E. 2d 458.

Defendants insist that plaintiff's evidence shows that he was contributorily negligent as a matter of law. It is the contention of defendants that the negligence of the automobile driver is imputed to plaintiff, owner-passenger, and therefore plaintiff was contributorily negligent in that the driver (1) failed to pass the tractor-trailer "at least two feet to the left thereof," G.S. 20-149(a), and (2) failed to keep a proper lookout and to give heed to defendants' turn signal.

The owner of an automobile, riding therein as a passenger, ordinarily has the right to control and direct its operation. The negligence, if any, of a party operating an automobile with the owner-passenger's permission or at his request is, nothing else appearing, imputed to the owner-passenger. *Shoe v. Hood,* 251 N.C. 719, 112 S.E. 2d 543; *Dosher v. Hunt,* 243 N.C. 247, 90 S.E. 2d 374; *Baird v. Baird,* 223 N.C. 730, 28 S.E. 2d 225.

The evidence, when considered as a whole, does not establish as an uncontradicted fact that plaintiff's automobile failed to pass at least two feet to the left of the tractor-trailer. G.S. 20-149(a) does not require a vehicle to pass "at least two feet to the left" of the center line of the highway; the requirement is that it pass at least two feet to the left of the other vehicle involved. The evidence on this point will admit of contrary conclusions and under proper pleadings would be for the jury. *Darden v. Bone,* 254 N.C. 599, 119 S.E. 2d 634. Defendants do not allege, either directly or indirectly, a violation of G.S. 20-149(a) on the part of plaintiff, and the failure of plaintiff to comply with that statute, in the absence of proper allegation, cannot be the basis for nonsuit or a jury verdict.

Defendants point out that plaintiff shows by the testimony of the patrolman that defendant Grimsley "said he gave a signal." And defendants insist that the declarations of the automobile driver that he did not see a signal only tend to show he was not keeping a proper lookout, and that on this point the case is controlled by the language in *Moore v. Boone,* 231 N.C. 494, 496, 57 S.E. 2d 783. Defendants overlook the testimony of the patrolman that the rear lights of the tractor-trailer would not blink when turned on, would come on and stay on, and were so covered with mud and scum that they were very dim and could be seen at a distance of only 12 or 14 feet away. Whether the lights would blink, and whether, if they would blink, they were "plainly visible" as required by G.S. 20-154, are questions for the jury. Furthermore, even if the lights were blinking and plainly visible, it was a question for the jury, under all the circumstances, whether plaintiff had the duty to yield. The giving of a turn signal

indicates the intention of the signaler to make the indicated turn and requires other motorists involved to observe caution and use reasonable care, but it does not vest in the signaler an absolute right to make the turn immediately, regardless of circumstances. The signaler must first ascertain that the movement may be made in safety. G.S. 20-154(a). When circumstances do not allow the signaler a reasonable margin of safety, other motorists affected have the right to assume he will delay his movement until it can be safely made. *Simmons v. Rogers*, 247 N.C. 340, 346, 100 S.E. 2d 849; *Ervin v. Mills Co.*, 233 N.C. 415, 419, 64 S.E. 2d 431.

Nonsuit on the ground of contributory negligence may not be entered when it is necessary to rely in whole or in part upon defendant's evidence, or when diverse inferences upon the question are reasonably deducible from plaintiff's evidence. *Bundy v. Powell*, 229 N.C. 707, 51 S.E. 2d 307.

The judgment below is
Reversed.