HERSEY MITCHELL v. WILLIAM LEON WHITE, JR. AND
WILLIAM LEON WHITE, SR.

(Filed 28 February, 1962.)

**1. Automobiles §§ 8, 46—**
> It is negligence *per se* for a motorist to turn left on the highway without first ascertaining that such movement can be made in safety or to turn left without giving a signal of his intention to do so in the manner prescribed and for the distance specified by the statute, G.S. 20-154(a), and an instruction placing the burden upon defendant to prove conjunctively plaintiff's violation of both these statutory requisites in making

a left turn in order to warrant an affirmative answer to the issue of contributory negligence must be held for prejudicial error.

**2. Appeal and Error § 42—**

Conflicting instructions upon a material aspect of the cause must be held for prejudicial error, particularly when the erroneous instruction is in the final directions to the jury, since it cannot be ascertained which instruction was followed by the jury.

**3. Automobiles § 54f—**

Proof of registration or admission of ownership of the vehicle involved in a collision constitutes *prima facie* evidence that the driver was the agent of the owner in such operation, and is sufficient to support but not to compel an affirmative finding on the issue of agency, but nevertheless plaintiff has the burden of alleging and proving agency, and therefore the court must submit the issue of agency to the jury, and the submission of the question under the issue of negligence, so that the jury must find either that both defendants are liable or that neither is liable, is not proper, and an affirmative finding by the jury will not support a judgment against the principal.

**4. Trial § 40—**

The issues must present all material controversies arising on the pleadings and be sufficient to support a final judgment.

WINBORNE, C.J., not sitting.

APPEAL by defendants from *Morris, J.,* September 1961 Term of CAMDEN.

This is a civil action, instituted 30 January 1961. Plaintiff seeks to recover damages for personal injury suffered in a collision of automobiles allegedly caused by the actionable negligence of defendants.

The collision occurred about 7:30 P.M., May 9, 1960, on North Carolina Highway 343 near South Mills in Camden County. The weather was clear and the highway level and straight. Plaintiff was driving in a southeastwardly direction approaching his home and intended to make a left turn into his private driveway. William Leon White, Jr., defendant, was traveling in the same direction, was overtaking and intended to pass plaintiff's vehicle.

Plaintiff's version of the occurrence: As plaintiff neared his driveway he reduced speed and looked in his rear view mirror. He saw a car coming up rapidly behind him. About 125 feet from his driveway he gave a hand signal for a left turn and continued the signal until the moment of impact. He "hit" his brake lights twice, but did not turn from the right-hand lane. When plaintiff was 25 feet from his driveway defendant's car struck his rear bumper and knocked him out of control. Defendants' car collided with his a second time. Plaintiff suffered personal injuries. The automobile he was driving belonged to his son.

Defendants' version: Defendant saw plaintiff's vehicle ahead and was gaining on it. Plaintiff gave no signal. When about 50 or 60 feet away defendant pulled into the left-hand lane to pass and blinked his lights. He did not sound his horn. When defendant was about 20 to 25 feet away plaintiff turned into the left-hand lane in front of defendant. Defendant applied brakes but could not avoid collision.

Issues were submitted to and answered by the jury as follows:

"1. Was the plaintiff, Hersey Mitchell, injured in his person by the negligence of the defendants? Answer: Yes.

"2. If so, did the plaintiff, Hersey Mitchell, by his own negligence contribute to his injuries as set up in the answer? Answer: No.

"3. What damages, if any, is the plaintiff, Hersey Mitchell, entitled to recover for his personal injuries? Answer: $800.00."

Judgment was entered in accordance with the verdict.
Defendants appeal.

*John T. Chaffin for plaintiff.*
*McMullan, Aydlett & White for defendants.*

MOORE, J.  Defendants aver that plaintiff was contributorily negligent, and that his negligence consists, among other things, of having turned his vehicle to the left without ascertaining that such movement could be made in safety, and of having failed to give a signal of his intention to make the turn. G.S. 20-154(a).

The presiding judge instructed the jury as to the legal meaning of negligence and proximate cause, read and explained pertinent statutory provisions, including G.S. 20-154(a), and recapitulated the evidence. In giving final instructions on the second, or contributory negligence, issue, he charged: ". . . if the defendant has satisfied you from the evidence and by its greater weight that the plaintiff while driving along Highway 343, turned his automobile from the right lane of travel across the highway to his left, without first seeing that such movement could be made in safety and without first giving a signal, either mechanical or hand signal, to any vehicle which might have been affected by such turning from a direct line of travel, then such failure to give such signal would have constituted negligence per se, that is within itself, and if you find that the plaintiff failed to give such signal and you further find that as a proximate cause of such failure an accident resulted in which the plaintiff was injured, then you would answer the SECOND ISSUE 'YES'."

Defendants contend that this instruction is erroneous and entitles them to a new trial. We agree.

The instruction states that defendants, as prerequisite for a favorable answer to the second issue, must satisfy the jury by the greater weight of the evidence that the collision was proximately caused both by the failure of plaintiff to ascertain that he could make a left turn in safety before making such movement *and* the failure of plaintiff to give the statutory signal of his intention to make the turn. It states in substance that defendants must first prove that plaintiff failed to ascertain safe turning conditions and, having proved this, must go further and prove that plaintiff failed to signal his intention to turn, and that the failure to signal was the proximate cause of the collision.

The instruction places an unwarranted burden on defendants. This Court has said that under G.S. 20-154(a) "any person who undertakes to drive a motor vehicle upon a highway must exercise reasonable care to ascertain that such movement can be made in safety before he turns either to the right or the left from a direct line. Besides he is required by the same statute to signal his intention to turn in the prescribed manner and for the specified distance before changing his course 'whenever the operation of any other vehicle may be affected by such movement.' A motorist . . . is negligent as a matter of law if he fails to observe *either* of these statutory precautions . . . and his negligence in such respect is actionable if it proximately causes injury to another." (Emphasis added.) *Grimm v. Watson,* 233 N.C. 65, 67, 62 S.E. 2d 538. It is true that the judge, earlier in the charge, in explaining the applicable statute, expressly stated the substance of the above quotation from *Grimm.* But "it is elementary that where there are conflicting instructions with respect to a material matter — one correct and the other not — a new trial must be granted, as the jurors are not supposed to know which one is correct, and we cannot say they did not follow the erroneous instruction." *Hubbard v. R. R.,* 203 N.C. 675, 679, 166 S.E. 802. Moreover, the challenged instruction is the crux of the charge on the contributory negligence issue. It is the final and summary direction to the jury as to the burden defendants must carry in order to prevail on this issue. It is at this juncture that the court succinctly applies the law to the facts. The error lies at the heart of the charge and compels a new trial.

We think also that the court erred in failing to submit an issue as to agency. William Leon White, Jr., was driving the automobile of his father and codefendant, William Leon White, Sr. It was stipulated that White, Sr., was the owner, but it was denied that White, Jr., was operating the vehicle as the agent and about the business of the owner.

G.S. 20-71.1 creates a rule of evidence. It has no other or further

force or effect. Proof of registration or admission of ownership furnishes, by virtue of the statute, *prima facie* evidence that the driver is agent of the owner in the operation, and is sufficient to support, but not compel, a verdict on the agency issue. It takes the issue to the jury. Even so, plaintiff must allege, and has the burden of proving, agency. *Hartley v. Smith*, 239 N.C. 170, 79 S.E. 2d 767.

"It is the duty of the trial court, either of its own motion or at the suggestion of counsel, to submit such issues as are necessary to dispose of all material controversies arising on the pleadings and support a final judgment. Within this limitation, the form and number of the issues are within the sound discretion of the trial court." 4 Strong: N. C. Index, Trial, § 40, p. 347; *Baker v. Construction Corp.*, 255 N.C. 302, 121 S.E. 2d 731.

Defendants did not tender an agency issue. The court undertook to submit the matter to the jury on the first, or negligence, issue. We do not suggest that this was impossible, but it does present difficulties. The court's instructions on the legal principles involved are not entirely free of error, and there are no directions as to how the jury might indicate that there was no agency in the event it so found and also found that White, Jr., was guilty of actionable negligence. The only alternative, under the instructions as given, was to either find that both defendants were negligent as alleged or that neither was. Under the issues submitted and instructions given it cannot be said with certainty that the agency issue has been decided. Therefore the answers to the issues submitted are not sufficiently definite to support a judgment against William Leon White, Sr.

New trial.

WINBORNE, C.J., not sitting.