### JOHN McNAMARA v. W. J. OUTLAW.

(Filed 21 October, 1964.)

**1. Automobiles § 8—**

G.S. 20-154(a) requires that before making a left turn upon a highway a motorist must exercise reasonable care to see that such movement can be made in safety and whenever the operation of any other motor vehicle may be affected by such move must give the appropriate signal visible to the driver of such other vehicle affected for a sufficient length of time and distance to enable him to observe it and determine therefrom what movement is intended, but the statute does not require infallibility of a motorist and does not preclude a left turn until the circumstances are absolutely free from danger.

**2. Negligence § 26—**

Nonsuit for contributory negligence is proper only when, considering plaintiff's evidence in the light most favorable to him, the facts necessary to establish this defense appear from plaintiff's own evidence so clearly that no other conclusion can be reasonably drawn therefrom.

**3. Automobiles § 42h— Evidence held not to show contributory negligence as a matter of law in making left turn.**

Plaintiff's evidence tending to show that he saw the headlights of defendant's vehicle following some 300 or 400 yards behind him, that, intending to make a left turn into an intersecting road, he slowed his automobile to 15 miles an hour, turned on his left turn signal light about 100 feet from the intersection, and did not look behind him again after he turned on the signal light because he was looking for traffic on the road he was turning into and for traffic that might be meeting him, that there was a yellow line in the middle of the highway marking the intersection, and that the driver of the automobile behind him, without giving any warning of his intention to pass, crossed the yellow line and struck the left front of plaintiff's vehicle as it was about a foot over the yellow line, *held* not to disclose contributory negligence as a matter of law, and the issue should have been submitted to the jury upon the conflicting inferences.

**4. Negligence § 26—**

Conflicting inferences of causation carry the issue to the jury.

Appeal by plaintiff from *Fountain, J.*, June 1964 Civil Session of Wayne.

Civil action to recover $400 for damages to an automobile. From a judgment of compulsory nonsuit entered at the close of plaintiff's case, he appeals.

*Robert H. Futrelle for plaintiff appellant.*
*Dees, Dees & Smith by William W. Smith for defendant appellee.*

Parker, J. Plaintiff's evidence tends to show the following facts: The collision occurred about 8:30 p.m. on 6 June 1963 in Wayne County at a point where North Carolina Highway 55 is intersected by a paved road running north and south. His automobile driven by himself and defendant's automobile driven by him were proceeding in an easterly direction on N. C. Highway 55. His automobile was traveling in front. In the direction both automobiles were traveling there was a yellow line in the middle of the highway marking this road intersection. He intended to make a left turn at the intersection and to proceed north. Before he began a left turn, he saw in his rear-view mirror the headlights of defendant's automobile about 300 or 400 yards behind him. He slowed down to about 15 miles an hour, and turned on his left signal light when he was about 100 yards or about 100 feet from the intersection — plaintiff testified as to both distances. He did not look behind him again after he turned on his left signal light. He was watching for traffic on the road he was turning into, and for traffic that might be approaching, to see if he "had a clear view turn." The driver of the automobile behind gave no "indication" he was going to pass. He began making a turn to the left, and when his automobile was about a foot over the yellow line, the right-hand front part of defendant's automobile, which was in the act of passing his automobile, struck the left door of his automobile and went on down the road 15 or 20 feet. He was not aware that the automobile behind was attempting to pass him until it hit him. After the collision, defendant told him "he would have it fixed."

Defendant in his answer denies that he was negligent, and conditionally pleads contributory negligence of plaintiff as a bar to any recovery by him.

It is manifest that plaintiff's evidence shows actionable negligence, as alleged in his complaint, on defendant's part. Defendant's contention, as stated in his brief, is that plaintiff according to his own testi-

mony is guilty of contributory negligence in that he violated the provisions of G.S. 20-154(a).

The provisions of G.S. 20-154(a) do not require infallibility of a motorist, and do not mean that he cannot make a left turn upon a highway "unless the circumstances be absolutely free from danger." *Tart v. Register,* 257 N.C. 161, 125 S.E. 2d 754. Further, the provisions of this statute do not give the signaler an absolute right to make a turn immediately regardless of circumstances. *Eason v. Grimsley,* 255 N.C. 494, 121 S.E. 2d 885. The provisions of this statute relevant here, where no pedestrian was affected by such movement, impose two duties upon a motorist intending to turn from a direct line upon a highway: (1) to exercise reasonable care to see that such movement can be made in safety, and (2) to give the required signal whenever the operation of any other vehicle may be affected by such movement, plainly visible to the driver of such other vehicle, of the intention to make such movement. *Tart v. Register, supra; Simmons v. Rogers,* 247 N.C. 340, 100 S.E. 2d 849; *Cooley v. Baker,* 231 N.C. 533, 58 S.E. 2d 115. It is the purview of this statute that the prescribed signal should be given and maintained for a sufficient length of time and distance to enable the driver of the following vehicle to observe it and to understand therefrom what movement is intended. *Ervin v. Mills Co.,* 233 N.C. 415, 64 S.E. 2d 431.

In *Cooley v. Baker, supra,* the Court said:

> "In considering whether he can turn with safety and whether he should give a statutory signal of his purpose, the driver of a motor vehicle, who undertakes to make a left turn in front of an approaching motorist, has the right to take it for granted in the absence of notice to the contrary that the oncoming motorist will maintain a proper lookout, drive at a lawful speed, and otherwise exercise due care to avoid collision with the turning vehicle."

A defendant may avail himself of his plea of contributory negligence of plaintiff by a motion for judgment of compulsory nonsuit under G.S. 1-183, when the facts necessary to show contributory negligence are established so clearly by plaintiff's own evidence that no other conclusion can be reasonably drawn therefrom. *Pruett v. Inman,* 252 N.C. 520, 114 S.E. 2d 360.

Defendant's contention that plaintiff's own evidence shows that he was guilty of contributory negligence as a matter of law necessitates a consideration of plaintiff's evidence in the light most favorable to him. *Short v. Chapman,* 261 N.C. 674, 136 S.E. 2d 40. Plaintiff's evidence, considered in such light, would permit, but not compel, a jury to find

the following facts and draw the following reasonable inferences there-from: Plaintiff, seeing at night in his rear-view mirror the headlights of defendant's automobile 300 or 400 yards behind him, and intending to make a left turn at the intersecting road and to proceed north on it, slowed his automobile down to about 15 miles an hour, and turned on his left signal light about 100 feet from the intersection. That he did not look behind him again after he turned on his left signal light, be-cause he was looking for traffic on the road he was turning into, and for traffic that might be meeting him. That there was a yellow line in the middle of the highway marking this road intersection ahead. That the driver of the automobile behind him having given no "indication" that he would attempt to overtake and pass him, he had a right to assume the driver of the automobile behind him would maintain a proper look-out, would not cross a yellow line in the middle of the highway mark-ing a road intersection ahead, and would not under such circum-stances attempt to overtake and pass him. That under all the attendant circumstances he exercised reasonable care to see that his left-turn movement to enter the road at the intersection and to proceed north could be made in safety, and that he turned on his left signal light for a sufficient length of time and distance to enable the driver behind him to observe it and to understand therefrom what movement he intended to make, and therefore he was not guilty of negligence proximately contributing to the damage to his automobile. The inference is also per-missible from plaintiff's evidence that he failed to exercise reasonable care to see that his left-turn movement could be made in safety, and that this constituted negligence proximately contributing to the dam-age to his automobile. Conflicting inferences of causation carry the case to the jury. *Pruett v. Inman, supra.*

*Gasperson v. Rice,* 240 N.C. 660, 83 S.E. 2d 665, relied on by defen-dant, is distinguishable, in that a jury trial was waived, and the Court held that there was competent evidence to support the trial court's finding and conclusion that plaintiff was guilty of legal contributory negligence.

The judgment of compulsory nonsuit was improvidently entered, and is

Reversed.