LEE J. SIMPSON v. WILLIE WOODROW LYERLY.

(Filed 24 November, 1965.)

**1. Trial § 21—**

Upon motion of nonsuit, plaintiff's evidence must be taken as true and all conflicts resolved in his favor, giving him the benefit of all reasonable inferences which may be drawn therefrom, and defendant's evidence in contradiction of that of plaintiff must be disregarded.

**2. Negligence § 26—**

Nonsuit on the ground of contributory negligence is proper only when plaintiff's own evidence establishes contributory negligence so clearly that no other reasonable conclusion may be drawn therefrom.

**3. Automobiles § 41h—**

Plaintiff's evidence to the effect that as the driver of his truck was in the act of passing defendant's car, defendant turned abruptly left to enter a private driveway without giving any signal of his intention to turn left, and collided with the truck, causing the damage in suit, *held* sufficient to take the issue of negligence to the jury. G.S. 20-154.

**4. Automobiles § 42e —**

The evidence tended to show that defendant suddenly turned left to enter a private driveway and collided with plaintiff's truck as the truck

was in the process of passing defendant's car, and that the driver of plaintiff's truck failed to sound his horn, *held* not to disclose contributory negligence as a matter of law, since, if the truck had been following too closely, such act could not have been a proximate cause of the accident, and the failure to sound a horn is not contributory negligence *per se.* G.S. 20-149.

APPEAL by defendant from *Shaw, J.,* May 1965 Session of STANLY.

This is an action for damage to the plaintiff's truck and packhaul and for loss of a load of brick as the result of a collision between the automobile of the defendant and the truck of the plaintiff. The plaintiff alleges that, as his truck was in the act of passing the defendant's automobile, the defendant turned the automobile sharply to his left, without giving any signal of his intention to do so, drove it into the truck and caused the truck to turn over. The defendant denies any negligence on his part and pleads contributory negligence on the part of the plaintiff as an alternative further defense. The defendant also alleges a counterclaim for damages to his automobile. The jury answered the issues in favor of the plaintiff. From a judgment upon the verdict the defendant appeals, assigning as error only the denial of his motion for judgment as of nonsuit upon the plaintiff's action.

The plaintiff's evidence tends to show: At approximately 6:30 a.m. on 6 November 1963, the truck of the plaintiff was being driven westwardly on Highway #70 about three miles west of Salisbury. On the back of the truck was a packhaul loaded with brick. It was getting light but the lights of all vehicles were turned on. The defendant's automobile entered the highway from a side road immediately in front of the truck. It proceeded westwardly, in front of the truck, so slowly that the speed of the truck had to be reduced to approximately 25 miles per hour in order to avoid running into the rear of the car. The automobile and the truck so proceeded along the highway for about a quarter of a mile, with the truck 20 to 30 feet behind the automobile, until they passed some curves and reached a straight stretch of the highway. At that point the highway is a two lane road, 16 feet wide, with a white line in the center. The driver of the truck, having looked for signals from the automobile and observing none, then increased his speed to 35 miles per hour and went over into the left lane and began to pass the automobile without blowing his horn. As the truck drew up beside the automobile, the defendant, without giving any signal, and knowing the truck was behind him, turned his automobile to the left and crossed the center line, intending to enter a private driveway. His left front fender collided with the right front fender and wheel of the truck. The driver of the truck, in an effort to avoid a more serious collision, turned

further to his left and the truck went into the ditch. The truck was damaged and the packhaul and bricks were destroyed.

The defendant's evidence tends to show: After entering Highway #70 and proceeding westwardly thereon, he observed the truck approaching from his rear. The lights of both vehicles were burning. He was driving from 20 to 30 miles per hour. As he approached a private driveway to his left, he turned on his left turn signal light, pumped his brakes so as to cause his brake lights to flash on and began to reduce his speed. The truck behind him then began slowing down, so he started to make his left turn into the driveway. The truck hit his automobile at the left front door.

Richard L. Brown, Jr., for defendant appellant.
Staton P. Williams, Gerald R. Chandler for plaintiff appellee.

PER CURIAM. In passing upon the defendant's motion for judgment as of nonsuit, the court must consider the plaintiff's evidence as true, resolve all conflicts therein in his favor, give him the benefit of all reasonable inferences which may be drawn in his favor, and disregard so much of the defendant's evidence as contradicts that of the plaintiff or tends to show a different state of facts. *Coleman v. Colonial Stores, Inc.,* 259 N.C. 241, 130 S.E. 2d 338; *Ammons v. Britt,* 256 N.C. 248, 123 S.E. 2d 579; *Jenkins v. Electric Co.,* 254 N.C. 553, 119 S.E. 2d 767. A judgment of nonsuit may not be entered on the ground of the plaintiff's contributory negligence unless the plaintiff's own evidence establishes such negligence by him so clearly as to permit no other reasonable conclusion. *McNamara v. Outlaw,* 262 N.C. 612, 138 S.E. 2d 287. When so considered, the evidence is amply sufficient to support a finding that the defendant was negligent and his negligence was the proximate cause of the collision and of the plaintiff's damage. G.S. 20-154; *Coach Co. v. Fultz,* 246 N.C. 523, 98 S.E. 2d 860; *Grimm v. Watson,* 233 N.C. 65, 62 S.E. 2d 538.

If the driver of the plaintiff's truck had been following the defendant's automobile too closely, his doing so was not a proximate cause of the collision for the collision occurred when the truck was in the act of passing the defendant's automobile and entirely in its left lane. The failure of the driver of the truck to sound his horn before beginning to pass the defendant's automobile was a violation of the statute. G.S. 20-149. However, this statute provides that such failure is not negligence or contributory negligence *per se,* but is merely a circumstance to be considered with other facts in determining whether there was negligence or contributory negligence. This was a question

for the jury. The jury considered it and determined the issue in favor of the plaintiff.

No error.