RONALD STEPHEN CARDWELL v. SARA LINEBERGER WARE AND ROBERT H. WARE, JR.

No. 7721SC571

(Filed 16 May 1978)

1. Witnesses § 5— prior out-of-court statement—competency for corroboration

The trial court erred in excluding a witness's testimony on redirect examination that he told a private investigator one month after the accident in question that he was almost positive that he saw plaintiff's turn signal operating, since the testimony was competent to corroborate his testimony on direct examination concerning his observation of the turn signal.

2. Automobiles § 80.2— making left turn—failure to see movement could be made safely—contributory negligence

In an action to recover for personal injuries sustained in a collision between plaintiff's motorcycle and defendants' automobile, plaintiff's evidence disclosed that he was contributorily negligent as a matter of law in making a left turn where it showed that, even though plaintiff may have given a turn signal, plaintiff failed to see defendants' automobile approaching from the rear, defendants' automobile was practically alongside plaintiff as he started his turn, and plaintiff thus failed to make sure that his movement could be made in safety.

Cardwell v. Ware

APPEAL by plaintiff from *Lupton, Judge*. Judgment entered 24 February 1977 in Superior Court, FORSYTH County. Heard in the Court of Appeals 5 April 1978.

Plaintiff instituted this civil action to recover damages for personal injuries sustained in a collision between his motorcycle and defendants' automobile, allegedly caused by the actionable negligence of defendants.

Defendants filed answer, denying any negligence on their part and pleading in bar of plaintiff's action the contributory negligence of plaintiff.

Plaintiff introduced evidence tending to show that at approximately 10:30 a.m. on 27 July 1975, he was operating his motorcycle in the southbound lane of Main Street in Winston-Salem. Main Street, a two-lane road with a broken line down the middle, runs north-south and is intersected by Arnold Avenue which runs east-west. As plaintiff approached Arnold Avenue, he turned on his left turn signal, checked his rear view mirrors and began turning left. Plaintiff's front tire was in Arnold Avenue when he was struck by defendants' automobile being driven by defendant Sara Ware who was attempting to pass plaintiff. Injuries to plaintiff's person were severe and resulted in the amputation of his left leg below the knee.

Defendants' evidence tended to show that on the day in question, defendant Sara Ware was proceeding south on Main Street in the family automobile when she came up behind plaintiff's motorcycle. She followed the motorcycle for an undetermined distance at 20 m.p.h. until she came upon a straight stretch of road and decided to pass. Without blowing her horn, defendant pulled into the northbound lane and accelerated to approximately 35 m.p.h. As she drew almost even with plaintiff's motorcycle, it began, without signal or other warning, to turn left toward defendants' car. Mrs. Ware slammed on brakes and veered to her left, but was unable to avoid colliding with plaintiff. The collision caused a dent in the right front fender of defendants' car.

The jury found both plaintiff and defendant negligent, thereby denying recovery to plaintiff. Judgment was entered in accordance therewith. Plaintiff appealed to this Court.

*Morrow, Fraser and Reavis, by John F. Morrow and Bruce C. Fraser, for the plaintiff.*

*Womble, Carlyle, Sandridge & Rice, by Grady Barnhill, Jr. and Keith W. Vaughan, for the defendants.*

MARTIN, Judge.

[1]  Plaintiff assigns as error the trial court's refusal to allow one of plaintiff's witnesses to testify regarding his out-of-court statement to a private investigator one month after the collision.

Upon vigorous cross-examination, and contrary to his testimony on direct examination, plaintiff's witness Gary Myers expressed uncertainty as to whether he had actually seen plaintiff's turn signal operating just prior to the time of the collision. In an effort to bolster Myers' earlier testimony, plaintiff's counsel sought on redirect to elicit the substance of an earlier statement by witness Myers relative to his observation of the turn signals. This testimony, if allowed, would have revealed that Myers told a private investigator one month after the accident that he was "almost positive" he saw plaintiff's turn signal operating. The trial court sustained defendants' general objection to this series of questions. While we do not concur with plaintiff's contention that this evidence was admissible under the rules pertaining to refreshing the memory of a witness, we feel the challenged evidence was competent to corroborate Myers' testimony on direct examination relative to the turn signal as it tended to show that Myers made a prior statement to the same effect.

The admissibility of a witness's prior consistent statements to corroborate his testimony at trial is well established in the law of this State. *State v. McLawhorn,* 270 N.C. 622, 155 S.E. 2d 198 (1967); 1 Stansbury's N.C. Evidence, §§ 49-52 (Brandis Rev. 1973). Indeed, the witness himself is competent to testify to his prior consistent statements. *Burnett v. R.R.,* 120 N.C. 517, 26 S.E. 819 (1897). Accordingly, the trial judge's exclusion of the subject testimony was error. However, for the reasons set forth below, this error does not present grounds for reversal.

[2]  In a cross-assignment of error, defendants contend that the trial court erred in denying defendants' motion for directed verdict at the close of plaintiff's evidence and at the end of all the

evidence in that the evidence, taken in the light most favorable to plaintiff, established plaintiff's contributory negligence as a matter of law. We must agree.

Our courts have consistently held that a driver of any vehicle upon a highway, intending to make a left turn, has a duty to exercise reasonable care to avoid causing injury to a following vehicle by keeping a proper lookout, by giving proper signals of his intention, and by keeping his vehicle under control. *Clarke v. Holman*, 274 N.C. 425, 163 S.E. 2d 783 (1968); *Gasperson v. Rice*, 240 N.C. 660, 83 S.E. 2d 665 (1954); *Ervin v. Mills Co.*, 233 N.C. 415, 64 S.E. 2d 431 (1951). Moreover, the giving of appropriate signals does not necessarily relieve the driver of the duty also to make proper observation of the movement of the vehicles approaching from the rear. *Ervin v. Mills Co.*, *supra*. To the same effect is G.S. 20-154, a safety statute which prescribes in pertinent part that the driver of any vehicle upon a highway "before starting, stopping or turning from a direct line shall first see that such movement can be made in safety. . . ."

In the instant case, evidence adduced at trial showed that plaintiff's motorcycle was equipped with two rear view mirrors through which he had an unobstructed view of the road behind him for a distance of approximately seven hundred (700) feet. Plaintiff stated that he checked both mirrors and did not see any cars behind him as he traveled down Main Street or at anytime before the collision. Yet the undisputed evidence disclosed that the point of impact was the right front fender of the automobile between the headlight and right front wheel. This indicates that defendants' automobile was practically alongside plaintiff as he started his turn. Plaintiff's failure to see defendants' automobile and to make sure that his movement could be made in safety, under the circumstances of this case, amounts to contributory negligence as a matter of law for which the jury verdict must be vacated and a verdict directed as a matter of law in defendants' favor.

The cause is remanded with directions that judgment be entered as a matter of law in accordance with this opinion.

Judges MORRIS and ARNOLD concur.