JARVIS B. BROWN v. GENNIE BRYANT BROWN and NORVA O. WADDELL

No. 7813SC28

(Filed 7 November 1978)

**Automobiles § 58.2— collision with overtaking vehicle—failure to give turn signal**

    Plaintiff's evidence was sufficient for the jury in an action to recover for injuries suffered by plaintiff when the car in which he was a passenger struck defendant's car in its left side while defendant was executing a left turn where it tended to show that defendant did not give a turn signal and turned directly into the path of an overtaking vehicle which was in the left or passing lane. G.S. 20-154(a).

APPEAL by plaintiff from *Graham, Judge.* Judgment entered 4 November 1977. Heard in the Court of Appeals 16 October 1978.

This is an appeal by the plaintiff from the entry of a directed verdict in favor of the defendant in the plaintiff's action for injuries alleged to have been sustained as a result of the defendant's negligent operation of an automobile. The plaintiff initially brought this action against two defendants. Prior to trial, a voluntary dismissal was taken as to the defendant, Norva O. Waddell, leaving only the action against the defendant, Gennie Bryant Brown, pending.

At trial the plaintiff offered evidence tending to show that he was a passenger in an automobile driven by Norva Waddell on the evening of 24 June 1976. The automobile was proceeding in a westerly direction on Rural Paved Road 1740 with Waddell driving and the plaintiff asleep on the front seat beside him. Waddell's brother was driving another car preceding them on the same road. As the two cars approached a point at which Rural Paved Road 1740 is intersected to the left by Rural Paved Road 1846, Waddell's brother saw, between fifty and one hundred yards ahead of him, the taillights of a third car driven by the defendant. The car driven by Waddell and containing the plaintiff was, at that time, still directly behind the car driven by Waddell's brother. The defendant's turn signal still was not flashing and was never activated. Seeing the defendant's car, Waddell's brother began to slow the car he was driving. The car driven by Norva Waddell, in which the plaintiff was a passenger, pulled into

the left lane and passed his brother's car traveling at a speed of fifty-five to sixty miles per hour.

As the car driven by Norva Waddell approached or reached the intersection, the defendant's automobile began to turn left into the intersecting road. As the defendant's car executed the left turn, it was struck on the left rear side by the car driven by Waddell and bearing the plaintiff. The right front passenger portion of Waddell's car was extensively damaged causing significant personal injuries to the plaintiff who was still asleep.

At the conclusion of the plaintiff's evidence, the defendant moved for a directed verdict pursuant to G.S. 1A-1, Rule 50(a). The trial court granted the defendant's motion. The plaintiff appealed from the trial court's judgment granting the defendant's motion and dismissing with prejudice the plaintiff's action against the defendant.

*Ray H. Walton for plaintiff appellant.*

*D. Jack Hooks and Marshall, Williams, Gorham & Brawley, by Lonnie B. Williams, for defendant appellee.*

MITCHELL, Judge.

By his single assignment of error, the plaintiff contends that he presented evidence that the defendant was negligent in turning in front of another car without giving a turn signal. The plaintiff contends this evidence required the trial court to submit the case to the jury, and that the trial court erred in granting the defendant's motion for directed verdict and entering judgment thereon. The plaintiff's assignment and contentions are meritorious.

All of the evidence before the trial court tended to indicate that the defendant did not give a turn signal and turned directly into the path of an overtaking vehicle which was in the left or passing lane. G.S. 20-154(a) does not require that a motorist give a signal before turning unless the surrounding circumstances afford reasonable grounds for apprehending that the turn may affect the operation of another vehicle. *Cooley v. Baker*, 231 N.C. 533, 58 S.E. 2d 115 (1950). The plaintiff's evidence tended to show that the circumstances surrounding the collision in this case afforded the defendant reasonable grounds for apprehending that her turn

might affect the operation of another vehicle and that, therefore, a signal was required.

Under circumstances making G.S. 20-154(a) applicable, the statute imposes *both* the duty of giving the required turn signal *and* the duty to see prior to turning that such movement can be made in safety. *Ratliff v. Duke Power Co.*, 268 N.C. 605, 151 S.E. 2d 641 (1966); *McNamara v. Outlaw*, 262 N.C. 612, 138 S.E. 2d 287 (1964). Additionally, without regard to whether the turning driver gives the appropriate signal, other motorists affected have the right to assume that he will delay his movement until it may be made in safety. *Eason v. Grimsley*, 255 N.C. 494, 121 S.E. 2d 885 (1961).

Upon the defendant's motion for directed verdict, the plaintiff's evidence must be taken as true and considered in the light most favorable to him. *Farmer v. Chaney*, 292 N.C. 451, 233 S.E. 2d 582 (1977); *Kelly v. International Harvester Co.*, 278 N.C. 153, 179 S.E. 2d 396 (1971). When viewed in such light, the plaintiff's evidence was sufficient to withstand the defendant's motion for a directed verdict. The Supreme Court of North Carolina, in cases involving defendants turning left into the path of overtaking vehicles and similar on their facts to the present case, has held that the issues of negligence arising from such evidence should be submitted to the jury for determination. *Farmers Oil Co. v. Miller*, 264 N.C. 101, 141 S.E. 2d 41 (1965); *Eason v. Grimsley*, 255 N.C. 494, 121 S.E. 2d 885 (1961). We do not find convincing the defendant's assertion that these cases should be held distinguishable as the overtaking vehicle in each case sounded a warning horn. Instead, we find them controlling authority which required the plaintiff's evidence be submitted to the jury on the issue of the defendant's negligence.

The defendant has cited us to numerous cases involving rear-end collisions as authority for the proposition that the evidence here did not present an issue of negligence on her part. As the car in which the plaintiff was a passenger struck the defendant's car in its left side while the defendant was executing a left turn, we find these cases easily distinguishable and believe the previously referred to cases are controlling.

The defendant has also contended that the evidence clearly reflects that any negligence on her part was not the proximate

cause of the plaintiff's injuries. In support of this contention, the defendant argues that the evidence clearly reveals that the plaintiff could not have seen her turn signal even if it had been activated. The law, however, holds every driver to the duty of seeing that which ought to have been seen. *Clarke v. Holman*, 274 N.C. 425, 163 S.E. 2d 783 (1968). We cannot say that based upon the plaintiff's evidence taken in the light most favorable to him, it is so clear that he could not have seen a turn signal if given by the defendant at the appropriate time as to require the trial court to allow the defendant's motion for a directed verdict. *See Eason v. Grimsley*, 255 N.C. 494, 121 S.E. 2d 885 (1961).

The plaintiff's evidence was sufficient to withstand the defendant's motion for a directed verdict. We must, therefore, reverse the judgment of the trial court and remand this case for trial.

Reversed and remanded.

Chief Judge BROCK and Judge HEDRICK concur.