JOYCE TAYLOR SPRUILL v. WILLIAM THOMAS SUMMERLIN AND McCRARY SAW & TOOL CO., INC.

No. 806DC686

(Filed 7 April 1981)

**Automobiles § 80.3– turning into driveway – no contributory negligence**

In an action to recover damages sustained in an automobile accident which occurred when defendant attempted to pass plaintiff's vehicle as she turned left into a driveway, evidence did not require the granting of a directed verdict for defendant on the ground of plaintiff's contributory negligence where the evidence tended to show that plaintiff turned onto a highway in a steady rain, traveled approximately 800 feet, allowed a car to pass going in the opposite direction, and attempted to turn left into a driveway; plaintiff began giving a signal of her turn to the left about 500 feet before she reached the driveway; plaintiff saw no other vehicles as she checked her side and rearview mirrors four times in the 800 feet from the place she entered the highway to the driveway; and plaintiff stated that the collision occurred after her front wheels were in the driveway, and when the van driven by defendant, going in the same direction as plaintiff's car, attempted to pass plaintiff on the left.

APPEAL by plaintiff from *McCoy, Judge.* Judgment dated 23 April 1980 in District Court, BERTIE County. Heard in the Court of Appeals 5 February 1981.

Plaintiff instituted this action for damages sustained in an automobile accident when defendant William Summerlin attempted to pass plaintiff's vehicle as she turned left into a driveway. Defendant Summerlin was operating a van owned by defendant McCrary Saw & Tool Co. in the course of his employment with McCrary Saw & Tool.

Plaintiff's evidence tended to show that she made a left turn onto U.S. Highway #13 and drove in a southerly direction. Plaintiff testified that she drove approximately eight hundred feet before reaching the driveway into which she attempted a left turn. Her evidence shows that she slowed down before making the turn into the driveway, in order to allow a vehicle to clear the other lane of traffic, heading in the opposite direction. Plaintiff testified further that she gave an electrical turn signal continuously beginning about five hundred feet before the turn, and checked her side and rearview mirrors four times between the intersection and turn. She saw no traffic behind her prior to her turn, and there was a slight curve between the intersection and driveway. Plaintiff also testified that the accident occurred during a steady rainfall.

At the close of plaintiff's evidence, the defendants made a motion for directed verdict for insufficiency of the evidence to show negligence, or, in the alternative, contributory negligence by plaintiff. The motion was granted, and plaintiff appeals.

*Carter W. Jones, by Donnie R. Taylor, for plaintiff appellant.*

*Gram & Baker, by Ronald G. Baker, for defendant appellees.*

ARNOLD, Judge.

We disagree with defendants' position that the evidence as presented by plaintiff and the opinion of this Court in *Cardwell v. Ware*, 36 N.C. App. 366, 243 S.E. 2d 915, *disc. rev. denied*, 295 N.C. 548, 248 S.E. 2d 726 (1978), compelled the granting of a directed verdict on the grounds of plaintiff's contributory negligence as a matter of law.

Plaintiff presented evidence that she turned onto Highway #13 in a steady rain, travelled approximately eight hundred feet, allowed a car to pass going in the opposite direction and attempted to turn left into a driveway. Plaintiff testified that she began giving a signal of her turn to the left about five

hundred feet before she reached the driveway, and that she saw no other vehicles as she checked her side and rearview mirrors four times in the eight hundred feet from the intersection to the driveway. Plaintiff stated that the collision occurred after her front wheels were in the driveway, and when the van driven by defendant Summerlin, going in the same direction as plaintiff's car, attempted to pass plaintiff on the left.

Plaintiff presented ample evidence to take the case to the jury on defendants' negligence. Further, plaintiff's evidence does not show contributory negligence as a matter of law. While G.S. 20-154(a) requires that "[t]he driver of any vehicle upon a highway before starting, stopping or turning from a direct line shall first see that such movement can be made in safety"; subsection (d), added in 1973 provides that "[a] violation of this section shall not constitute negligence per se."

Plaintiff's evidence, when considered in the light most favorable to her, as the non-moving party, raises an inference that defendant was negligent under the prevailing conditions. Because of the steady rain, coupled with plaintiff's testimony concerning her turn signal and use of the mirrors, it may reasonably be inferred that defendant Summerlin was driving at an excessive rate of speed, or failed to keep a proper lookout.

Plaintiff's evidence does not establish that she failed to ascertain that the turn could be made safely and therefore was contributorily negligent as a matter of law; but, rather provides questions for the trier of fact as to whether plaintiff violated G.S. 20-154 and was contributorily negligent. The burden of proving contributory negligence lies with the defendant. *Mintz v. Foster*, 35 N.C. App. 638, 242 S.E. 2d 181 (1978).

> Since a violation of G.S. 20-154 is no longer to be considered negligence per se, the jury, if they find as a fact the statute was violated, must consider the violation along with all other facts and circumstances and decide whether, when so considered, the violator has breached his common law duty of exercising ordinary care.

*Mintz v. Foster*, 35 N.C. App. at 641-2, 242 S.E. 2d at 184.

Under the facts of this case, the trial judge erred in granting defendants' motion for a directed verdict.

Reversed.

Judges WELLS and HILL concur.