**Jerry Benjamin PHILLIPS and Mozel G. Phillips, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**No. C–C–85–369.**

United States District Court, W.D. North Carolina, Charlotte Division.

Dec. 22, 1986.

Fredrick R. Stann, Gastonia, N.C., for plaintiffs.

Charles R. Brewer, U.S. Atty., Charlotte, N.C., for defendant.

## MEMORANDUM OF DECISION

ROBERT D. POTTER, Chief Judge.

THIS MATTER came on to be heard and was heard before the undersigned without a jury at Charlotte, North Carolina on November 12, 1986. The Plaintiffs were represented by Frederick R. Stann, Attorney at Law, of the North Carolina Bar, and the Defendant was represented by Charles E. Lyons, Assistant United States Attorney.

After hearing the testimony and examining the exhibits, the Court makes the following Findings of Fact and Conclusions of Law:

### FINDINGS OF FACT

(1) Jurisdiction over this case is based on the Federal Tort Claims Act and Title 28 U.S.C. § 1346(b).

(2) Plaintiffs, Jerry Benjamin Phillips and Mozel G. Phillips, are residents of Ga-

ston County, North Carolina. Jerry Phillips was the driver of the car involved in the accident with Defendant's vehicle. Mozel Phillips was the owner of the car that Jerry Phillips was driving. Jerry and Mozel Phillips are husband and wife.

(3) Defendant is the United States of America.

(4) On June 11, 1983, at approximately 1:00 p.m., Judy Rayfield Gates, acting within the scope of employment for the United States Postal Service, was driving a postal jeep in an easterly direction on Rural Paved Road 2478 (Titman Road) in Gaston County.

(5) At the same time Mr. Jerry Phillips was driving a 1978 Ford automobile in the same direction on Titman Road in Gaston County.

(6) The weather conditions were clear; the road surface was dry, and there was no other traffic in the area.

(7) Ms. Gates was traveling at a slow rate of speed, stopping to make deliveries in postal boxes on the side of the road. During this time, the four-way flashers on Ms. Gates jeep were operating.

(8) Ms. Gates moved the jeep back onto the road and traveled toward the intersection of Meadowbrook Drive and Titman Road.

(9) Mr. Phillips came up behind Ms. Gates and saw the jeep moving at a slow rate of speed in front of him.

(10) Without seeing any type of signal indicating a turn from the jeep, Mr. Phillips moved his car into the left lane to pass the jeep.

(11) As Mr. Phillips pulled into the left lane, Ms. Gates turned left in front of Mr. Phillips' car without warning.

(12) Ms. Gates attempted to bring the jeep back into the right lane; however, Mr. Phillips was unable to avoid the collision and struck the jeep.

(13) Both vehicles were damaged and both parties were able to drive their vehicles away from the scene of the accident.

(14) The Plaintiffs' car cost $2,299.99 to repair.

(15) The use of a rental car while the Plaintiffs' car was being repaired cost $985.20.

(16) Mr. Phillips lost two days at work because of the accident. At $6.50/hour, eight hours/day, for two days Mr. Phillips lost $104.00 disregarding the taxes.

(17) Mr. Phillips' medical bills related to the accident total $984.25.

## CONCLUSIONS OF LAW

(1) N.C.Gen.Stat. § 20–154(a) states, in part, the following:

(a) The driver of any vehicle upon a highway before ... turning from a direct line shall first see that such movement can be made in safety ... and whenever the operation of any other vehicle may be affected by such movement, shall give a signal as required in this section, plainly visible to the driver of such other vehicle, of the intention to make such movement.

Although N.C.Gen.Stat. § 20–154(d) provides that the violation of § 20–154 is not negligence per se, a violation of § 20–154(a) may be considered along with all other facts and circumstances in determining whether Ms. Gates breached her duty of exercising ordinary, reasonable care. *See Spruill v. Summerlin*, 51 N.C.App. 452, 276 S.E.2d 736 (1981); *Brown v. Brown*, 38 N.C.App. 607, 248 S.E.2d 397 (1978).

(2) Ms. Gates breached the duty she owed to Mr. Phillips in this case in that she did not use reasonable care under the circumstances by failing to keep a proper look-out and failing to give any type of signal which would indicate that she was about to make a left-hand turn. *See Petree v. Johnson*, 2 N.C.App. 366, 163 S.E.2d 87 (1968).

(3) Ms. Gates' breach of duty was the proximate cause of the collision between the jeep and Mr. Phillips' car.

(4) The Plaintiffs suffered damage due to the collision in the amount of $6,373.44

($984.25 for medical bills, $104.00 for two days away from work, $985.20 for use of a rental car, $2,299.99 for repairing the damages to Plaintiffs' car, and $2,000.00 for pain and suffering).

■ (5) Mr. Phillips was not contributorily negligent. He, through no negligence on his part, was suddenly and unexpectedly confronted with Ms. Gates' jeep making a left-hand turn in front of him. He applied his brakes and attempted to avoid the jeep but was unable to avoid the collision. Mr. Phillips' conduct under the circumstances was certainly reasonable. *See Reid v. U.S.*, 447 F.2d 275 (6th Cir. 1971).

■ (6) Ms. Gates was acting within the scope of employment for the United States Postal Service at all times relevant to this action; and, thus, the United States is liable for the damages that Ms. Gates caused by her negligent conduct in relation to the Plaintiffs. *See Cline v. U.S.*, 214 F.Supp. 66 (E.D.Tenn.1962).

(7) Any finding of fact which is determined also to be a conclusion of law is so deemed, and any conclusion of law which is determined also to be a finding of fact is so deemed.

A Judgment will be filed simultaneously with this Memorandum of Decision.

## JUDGMENT

THIS ACTION came on for trial before the undersigned without a jury at Charlotte, North Carolina on the 12th day of November, 1986 and the issues having been duly tried and a Memorandum of Decision having been filed simultaneously with this Judgment;

IT IS, ORDERED, ADJUDGED, AND DECREED that the Plaintiffs recover of the Defendant the sum of SIX THOUSAND THREE HUNDRED SEVENTY-THREE DOLLARS AND FORTY-FOUR CENTS ($6,373.44) plus interest at the rate of 5.77% from the date of this Judgment.