GRADY HARVEY JOHNSON, SR., AND BOBBY RAY JOHNSON v. EDWARD SCHEIDT, COMMISSIONER OF MOTOR VEHICLES, AND MRS. MOZELLA J. JONES.

(Filed 7 June, 1957.)

**1. Automobiles § 2—**

Where, upon petition for review of order of the Commissioner of Motor Vehicles suspending petitioners' operator's licenses under G.S. 20-279.2, the owner of the other car involved in the collision is made a party by consent order and files answer, such owner must be served with statement of case on appeal to the Supreme Court.

**2. Appeal and Error §§ 29, 33—**

Appeal in this case dismissed for insufficiency of the record and for failure to serve statement of case on appeal upon a party made a party to the proceeding by consent order.

RODMAN, J., took no part in the consideration or decision of this case.

APPEAL by petitioners from *Rousseau, Judge,* 24 September, 1956, Civil Term, of GUILFORD, Greensboro Division.

Petitioners, aggrieved by an order of the Commissioner of Motor Vehicles dated 30 January, 1956, filed their petition in accordance with the procedure prescribed by Ch. 1300, sec. 2(b), 1953 Session Laws (G.S. 20-279.2, 1955 Cumulative Supplement); and, upon allegations to the effect that the sole proximate cause of the collision referred to below was the negligence of Mrs. Mozella J. Jones, prayed that the court reverse the Commissioner's order.

The Commissioner's order, which, effective 14 February, 1956, suspended petitioners' operator's licenses unless they deposited security in the amount of $1,050.00, was based on a report of a collision that occurred 3 December, 1955, in Guilford County, on a three-lane highway (#29 and #70), at or near the Osborne Road intersection, between a Ford car owned by petitioner Grady Harvey Johnson, Sr., operated by petitioner Bobby Ray Johnson, and a Willys station wagon owned by Guy O. Jones, operated by Mrs. Mozella J. Jones, causing damage to said station wagon and personal injuries to the occupants thereof, including Mrs. Mozella J. Jones.

Answering, the Commissioner averred, in part, that petitioners were "not exempt from the provisions of G.S. 20-279.5 of the Motor Vehicle Safety and Financial Responsibility Act of 1953 by virtue of the petitioners maintaining automobile liability insurance or otherwise"; that he had notified the injured occupants and the owner of the Willys station wagon of petitioners' action and of their petition; and that he presented to the court for determination the questions raised by said petition.

After hearing evidence offered by petitioners, and also the testimony of Mrs. Mozella J. Jones, the court entered judgment, which, after recitals, set forth that "the Court is of the opinion, and finds as a fact, that the plaintiff petitioners were probably guilty of negligence in the operation of an automobile on the occasion as set forth in the petition," and affirmed the Commissioner's order of 30 January, 1956, suspending the operator's licenses of both petitioners.

*Attorney-General Patton and Staff Attorney Kenneth Wooten, Jr., for defendant Scheidt, appellee.*

*Henderson & Henderson and Robert S. Cahoon for petitioners, appellants.*

*Jordan & Wright and Charles E. Nichols for Mrs. Mozella J. Jones, movant in this Court.*

PER CURIAM.   The clerk of the Superior Court certified that the "case on appeal," appearing in the purported transcript filed in this Court, was served on the Commissioner, and that the Commissioner did not file exceptions thereto or serve a countercase.   The clerk's said certificate made no reference to documents purporting to constitute the record proper; nor did the purported transcript contain any stipulation with reference thereto.   In the purported transcript, the name of Mrs. Mozella J. Jones appeared in the caption of the cause; and in the said "case on appeal" it appeared that she testified at the hearing.   Neither the purported transcript, nor the "case on appeal," contained other indication that Mrs. Mozella J. Jones had been made a party defendant.

In this Court, Mrs. Mozella J. Jones moved to dismiss the appeal on the ground that she was a party defendant but had not been served with petitioners' statement of case on appeal.   Answering said motion, petitioners (appellants) do not contend that the "case on appeal" was served on her; rather, they take the position that Mrs. Mozella J. Jones was not a proper party.

At our request, the said clerk has certified to this Court a copy of his order of 20 March, 1956, entered with consent of petitioners' counsel, which made Mrs. Mozella J. Jones a party defendant herein, and also a copy of the answer filed by Mrs. Mozella J. Jones pursuant to said consent order.

Whether Mrs. Mozella J. Jones is a *proper* party is not presented. Suffice to say, by *consent order*, she was made a party and filed answer; and petitioners were not at liberty to ignore these facts.   Indeed, it appears now that she, represented by her counsel, (not the Commissioner), appeared at the hearing and opposed the granting of the petition.

For failure to file in this Court a properly certified and accurate transcript of the record proper, and for failure to serve the "case on appeal" on Mrs. Mozella J. Jones, an adversary party, petitioners' appeal is dismissed.

Appeal dismissed.

RODMAN, J., took no part in the consideration or decision of this case.