FOLGER L. CARTER, PETITIONER v. EDWARD SCHEIDT, COMMISSIONER OF MOTOR VEHICLES OF NORTH CAROLINA, RESPONDENT.

(Filed 29 April, 1964.)

1. Automobiles § 2—

Upon petition of a motorist for the reversal of an order of the Commissioner of Motor Vehicles suspending his driver's license, G.S. 20-279.2(b) places the duty upon the Commissioner or his representative to answer the essential elements of the petition and be present and participate in the hearing before the judge, but the Commissioner's failure to so answer and be present at the hearing cannot be prejudicial to petitioner.

2. Same—

Persons who may recover damages in connection with a collision upon which the Commissioner of Motor Vehicles has suspended an automobile driver's license have no standing as a matter of right at the hearing of the driver's petition for reversal of the Commissioner's order, but the court may permit such persons to file a statement relevant to the facts and participate in the hearing. Their statement is not competent evidence, but in the instant case it appears that the court did not consider the statement as evidence, and therefore reference in the order to the "answer of the intervening party" was not prejudicial.

3. Same—

On the hearing of a petition to reverse the order of the Commissioner of Motor Vehicles suspending petitioner's driver's license, the burden is upon petitioner to show that he was probably not negligent or that the negligence of the other party was probably the sole proximate cause of the collision, and where there is evidence before the court that the collision with a cyclist crossing the highway occurred as petitioner was overtaking and passing another vehicle at a street or highway intersection, the evidence is sufficient to support the court's finding that petitioner was "probably guilty of negligence."

APPEAL by petitioner from Armstrong, J., November 4, 1963, Civil Session of RANDOLPH.

Petitioner (Folger L. Carter), aggrieved by an order of the Commissioner of Motor Vehicles dated April 18, 1963, filed a petition September 30, 1963, in accordance with the procedure prescribed by G.S. 20-279.2(b); and, upon allegations to the effect that the sole proximate cause of the collision referred to below was the negligence of Jack James Hout (Hout), prayed that the court reverse the Commissioner's order.

On February 22, 1963, on U. S. Highway No. 220, petitioner, driving his 1953 Plymouth, collided with Hout, a thirteen-year old boy, who was riding a bicycle. As a result Hout was fatally injured.

Petitioner's automobile liability insurance policy had expired at 12:00 midnight on February 21, 1963.

Answering the petition, the Commissioner averred, in part, that his order of April 18, 1963, suspending petitioner's operator's license, was issued on account of petitioner's failure to comply with the Commissioner's prior order requiring that petitioner deposit security in the amount of $5,000.00 to satisfy any judgment or judgments against petitioner for damages resulting from said collision; that petitioner "was not exempt from the provisions of G.S. 20-279.5 of the Motor Vehicle Safety and Financial Responsibility Act of 1953 by virtue of the petitioner's maintaining automobile liability insurance or otherwise"; that he had notified the other party (the administrator of Hout) of the petition; and that he presented to the court for determination the questions raised by the petition. The Commissioner attached to his answer a copy of the accident report filed with the Department of Motor Vehicles pursuant to G.S. 20-166.1.

On October 15, 1963, the administrator of Hout filed an answer to the petition in which he alleged that his intestate's death was proximately caused by the negligence of petitioner. (Note: It appears from the petition that the administrator of Hout had instituted a civil action against petitioner on March 27, 1963, to recover damages for the alleged wrongful death of his intestate.)

As indicated, the allegations of the petition and of the administrator's answer are in sharp and irreconcilable conflict.

At the hearing before Judge Armstrong, the only evidence was that offered by petitioner. Petitioner did not testify but offered the testimony of John Henry Armstrong and of Ray Robert Skelton. At the conclusion of their testimony, Judge Armstrong stated: "I could not hold that he was not guilty of negligence. I will affirm the order of the Commissioner." Thereupon, Judge Armstrong entered judgment as follows:

> "This cause coming on to be heard, and being heard . . . upon the petition filed by the petitioner, answer of the respondent, and answer of the intervening party, Aubrey I. Hout, Administrator of the Estate of Jack James Hout;

> "The petitioner prays that the Court reverse the order of the Commissioner of the North Carolina Department of Motor Vehicles suspending the North Carolina operator's license of the petitioner as provided for under the provisions of G.S. 20-279.2;

> "That this matter was heard in open Court, at which time the petitioner was present, together with his attorney, and presented evidence; such evidence being as set forth in the transcript of the record and made a part thereof;

"It appearing to the Court and the Court finding as a fact from the evidence presented that the petitioner was probably guilty of negligence in the accident referred to in the petition and answers filed herein;

"IT IS, THEREFORE, ORDERED, ADJUDGED AND DE-CREED that the said order or acts of the Commissioner of the North Carolina Department of Motor Vehicles issued on April 18, 1963, directing the suspension of the driver's license of the petitioner be, and the same is hereby sustained.

"IT IS FURTHER ORDERED, ADJUDGED AND DE-CREED that the petitioner, Folger L. Carter, surrender and deliver his North Carolina operator's license to the Commissioner of the North Carolina Department of Motor Vehicles as required by law."

Petitioner excepted and appealed.

*L. T. Hammond, Sr. and L. T. Hammond, Jr., for petitioner appellant.*
*Attorney General Bruton and Assistant Attorney General Brady for respondent appellee.*

BOBBITT, J. Following provisions with reference to the aggrieved party's petition and the Commissioner's answer, G.S. 20-279.2(b), in pertinent part, provides:

"(b) . . . At the hearing upon the petition the judge shall sit without the intervention of a jury and shall receive such evidence as shall be deemed by the judge to be relevant and proper. Except as otherwise provided in this section, upon the filing of the petition herein provided for, the procedure shall be the same as in civil actions.

"The matter shall be heard *de novo* and the judge shall enter his order affirming the act or order of the Commissioner, or modifying same, including the amount of bond or security to be given by the petitioner. If the court is of the opinion that the petitioner was probably not guilty of negligence or that the negligence of the other party was probably the sole proximate cause of the collision, the judge shall reverse the act or order of the Commissioner. Either party may appeal . . .

"No act, or order given or rendered in any proceeding hereunder shall be admitted or used in any other civil or criminal action."

No question as to the validity of the Commissioner's order of April 18, 1963, when issued, is presented. The questions presented relate to whether petitioner is entitled to a reversal of said order on the ground that the negligence of Hout was the sole proximate cause of his death.

In his answer to the petition, the Commissioner asserts he "has no authority of investigation or determination" with reference to whether petitioner "was probably not guilty of negligence" or with reference to whether the negligence of Hout "was probably the sole proximate cause of the accident." Adverting to the fact that any determination he might make would have no bearing upon his mandatory duty under G.S. 20-279.5 to suspend petitioner's operator's license, the Commissioner takes no position with reference to these questions. He prays that said questions be determined "without the presence of the Commissioner" and that the court "enter such order affirming, modifying, or reversing the order of the Commissioner as it deems required by the evidence."

In our view, G.S. 20-279.2(b) imposes upon the Commissioner (or his representative) the duty to answer all essential allegations of the petition and to be present and participate in the hearing before the judge. Otherwise, since *the commencement* of the proceeding suspends the Commissioner's order "pending the final determination of the review," the proceeding might lie dormant indefinitely for lack of activity on the part of the petitioner. While the statute provides that the court shall make the crucial determinations, in our opinion the statute contemplates that the Commissioner shall bring forward for the court's consideration all evidence in his possession pertinent to decision. Even so, the Commissioner's failure to so answer or be present at the hearing before Judge Armstrong was not prejudicial to petitioner.

When notified the petition had been filed, the administrator of Hout, without first obtaining an order permitting him to intervene, filed an answer to the petition. The statute makes no provision for intervention by persons who might recover damages from petitioner based on his actionable negligence in connection with such accident. They have no standing in such proceeding *as a matter of right*. Even so, it is appropriate that the Commissioner notify such persons of the petition and of the hearing to the end that all competent and relevant evidence may be brought forward. In *Johnson v. Scheidt, Comr. of Motor Vehicles*, 246 N.C. 452, 98 S.E. 2d 451, such persons were made parties by consent. While such persons may not be considered proper parties to the proceeding in a technical sense, the court, in its discretion, *may permit* such persons to file a statement relevant to the facts alleged in the petition and *may permit* them to participate in the hearing. However, such statement, whether denominated an answer, affidavit or otherwise, may not be considered competent evidence in the hearing.

Petitioner assigns as error that portion of the judgment reading, ". . . and answer of the intervening party, Aubrey I. Hout, Administrator of the Estate of Jack James Hout." However, it does not appear that the filing of an answer by the administrator of Hout prejudiced petitioner. It is clear that Judge Armstrong did not consider either the petition or the answers as evidence. It is expressly provided that the finding of fact that petitioner "was probably guilty of negligence" was based on "the evidence presented," "such evidence being as set forth in the transcript of the record and made a part thereof." Petitioner's said assignment of error is overruled.

The burden of proof was on petitioner to show he "was probably not guilty of negligence" or "that the negligence of the other party was probably the sole proximate cause of the collision." The court made a positive finding that petitioner "was probably guilty of negligence." Petitioner assigns as error this finding.

There was *testimony* before Judge Armstrong tending to show: Where the accident occurred, U. S. Highway No. 220 (also referred to as Fayetteville Street) was a three-lane highway. Petitioner was traveling south in the center lane "in the process of passing this other car." Hout, riding his bicycle, was crossing from the west toward the east side of the highway. When struck by petitioner, Hout was in the center lane at a point four feet and three inches west of the east lane. Brittain Street extended west from No. 220 (Fayetteville Street). The impact "was in the center lane of the highway just about directly across from Brittain Street"—"just about in front of Brittain Street." It is noted that petitioner alleged the collision occurred when he was "in the process of passing another automobile headed in the same direction" in which he was traveling.

While the evidence offered by petitioner tended to show negligence on the part of Hout, it also tended to show that petitioner at the time of the collision was overtaking and passing another automobile proceeding in the same direction at a street or highway intersection. Irrespective of whether this evidence is considered sufficient to show a violation of G.S. 20-150(c) and therefore negligence *per se,* see *Adams v. Godwin,* 252 N.C. 471, 114 S.E. 2d 76, it was sufficient, in our opinion, to support the court's finding that petitioner "was probably guilty of negligence." Hence, the assignment of error directed to this finding is overruled.

By express provision of G.S. 20-279.2 (b), said finding may not be admitted or used in the pending civil action for alleged wrongful death.

For the reasons stated, the judgment of the court below is affirmed.

Affirmed.