ROBERT LEONARD BLACK v. RUBY BRADLEY WILKINSON.

(Filed 22 March, 1967.)

**1. Automobiles §§ 41h, 42h—**

Plaintiff's evidence was to the effect that defendant, traveling in the opposite direction, turned left to enter a private driveway and stopped with her vehicle partially blocking plaintiff's lane of travel, that plaintiff, to avoid colliding with defendant's car, swerved sharply to his right, ran off the hardsurface into an accumulation of snow, lost control, swerved back onto the pavement and across the center line, and collided with vehicles standing behind defendant's vehicle. *Held:* The evidence is sufficient to be submitted to the jury on the issue of defendant's negligence and does not show contributory negligence as a matter of law on the part of plaintiff confronted with a sudden emergency. G.S. 20-154(a).

**2. Negligence § 26—**

Nonsuit for contributory negligence is proper only when plaintiff's own evidence discloses contributory negligence so clearly that no other reasonable conclusion may be drawn therefrom.

APPEAL by plaintiff from *Nettles, E.J.,* at the 10 October 1966 Civil Session of GASTON.

This is a suit for property damage resulting from a collision between an automobile owned and driven by the plaintiff and two other vehicles. At the close of the plaintiff's evidence, a judgment of nonsuit was entered upon the motion of the defendant.

The complaint alleges that the defendant, while driving northward, suddenly and without any signal, turned to her left and into the lane of travel of the plaintiff, who was driving southward on the same highway. It is alleged that she was negligent in that she failed to keep a proper lookout, failed to yield the right of way to the plaintiff, failed to give him one half of the main traveled portion of the roadway, and turned her automobile from a direct line without first ascertaining that such movement could be made in safety. It is alleged that these acts and omissions by the defendant were the proximate cause of collisions between the plaintiff's vehicle and two other vehicles, which were following the vehicle of the defendant, and of the damage sustained by the plaintiff therein. The defendant denies any negligent act or omission by her and alleges, as a further defense, contributory negligence by the plaintiff in that he failed to keep a proper lookout, operated at a speed greater than was reasonable under the circumstances, failed to reduce his speed when he saw or should have seen the defendant making a left turn, failed to yield the right of way to the defendant, and failed to keep his own automobile under control.

The plaintiff offered evidence tending to show:

The plaintiff was driving south on a two lane paved road at 40

to 45 miles per hour, this being within the posted speed limit. He was familiar with the road. It was after dark and all cars involved had their headlights on. The pavement of the road was clear and dry but there was snow on the shoulders. Approaching a slight hill he could observe the glow of headlights from traffic meeting him, but could not see these cars until he reached the crest of the hill. Upon reaching the crest and starting down on the other side, he observed the defendant's automobile proceeding north on her side of the road. He observed no turn signal displayed by the defendant. Other vehicles were headed north behind the defendant's car, all on their proper side of the road. When the plaintiff was about 30 feet from the defendant's car, the defendant suddenly turned to her left to enter a private driveway. The front end of the defendant's car crossed the center line into the plaintiff's half of the pavement. The defendant then stopped. To avoid the defendant's car, the plaintiff swerved sharply to his right, ran off onto the shoulder, across the driveway, into the accumulation of snow and temporarily lost control of his car. His car then went back onto the pavement, crossed the center line, sideswiped a northbound automobile, which had stopped in its lane of travel behind the defendant's car while waiting for her to complete her turn, and then went on and collided head-on with another northbound vehicle. The plaintiff brought his car to a stop following this second collision. When his car went back onto the pavement from the snow covered shoulder, it was moving at about 20 miles per hour. It stopped about 20 feet beyond the point of the second collision, this being approximately 150 feet from the crest of the hill. It was severely damaged. The plaintiff walked back to the defendant's automobile and told her she had pulled right out in front of him and stopped. Thereupon, the defendant said, "I know it. I didn't see you coming." There was no collision between the automobile of the plaintiff and the automobile of the defendant.

*Daniel J. Walton for plaintiff appellant.*
*Hollowell, Stott & Hollowell for defendant appellee.*

PER CURIAM. Taking the plaintiff's evidence as true, as we are required to do in considering the correctness of the judgment of nonsuit, it is sufficient to support a finding of negligence by the defendant, which was the proximate cause of the collisions. Driving into the plaintiff's lane of travel under such circumstances would constitute negligence by the defendant. G.S. 20-154(a); *Raper v. Byrum,* 265 N.C. 269, 144 S.E. 2d 38. *Sugg v. Baker,* 261

N.C. 579, 135 S.E. 2d 565; *Tart v. Register,* 257 N.C. 161, 125 S.E. 2d 754; *Mitchell v. White,* 256 N.C. 437, 124 S.E. 2d 137.

A judgment of nonsuit may not properly be entered on the ground of contributory negligence unless the plaintiff's own evidence shows such negligence by him so clearly that no other reasonable conclusion may be drawn therefrom. *Pruett v. Inman,* 252 N.C. 520, 114 S.E. 2d 360. If the facts were as the plaintiff testified them to be, he was faced with a sudden emergency and his action in running upon the snow covered shoulder in order to avoid colliding with the defendant's vehicle would not constitute negligence. See *Bondurant v. Mastin,* 252 N.C. 190, 113 S.E. 2d 292.

Reversed.