RONALD JEROME ALMOND, BY HIS NEXT FRIEND, HOYLE JEROME ALMOND, v. KAREN LYNN BOLTON, BY HER GUARDIAN AD LITEM, WILLIAM BOLTON.

(Filed 22 November, 1967.)

1. **Automobiles § 79— Evidence held to disclose contributory negligence in passing stationary truck on its right side at intersection.**

   Plaintiff's evidence tended to show that he was traveling on a two-lane highway behind a truck, that the truck stopped at an intersection with its lights blinking for a left turn, indicating it could not proceed because of traffic approaching from the opposite direction, that plaintiff, driving a motorcycle, passed to the right of the truck, which obstructed his view so that he did not see defendant's vehicle, which had approached from the opposite direction and had started a left turn at the intersection, until too late to avoid colliding with it. *Held:* Even conceding negligence on the part of defendant in violating G.S. 20-153(a) and G.S. 20-154, the evidence discloses contributory negligence as a matter of law on the part of plaintiff. G.S. 20-149(a).

2. **Automobiles § 8—**

   The duty to keep a proper lookout requires increased vigilance when the danger is increased by conditions obstructing the motorist's view.

APPEAL by plaintiff from *Johnston, J.*, at the 8 May 1967 Civil Session of the Superior Court of STANLY County.

The plaintiff alleged that on 7 August 1965 he was operating his 1965 Honda motorcycle in an eastern direction on Highway 27 near its intersection with Hennings Drive in Albemarle; that Highway

27 had one lane for eastbound traffic and one lane for westbound traffic; that the road was straight and the pavement dry; that as he approached and entered the intersection the defendant suddenly made a left turn from the westbound traffic lane in her 1958 Anglia automobile; that the vehicles collided, he was thrown from his motorcycle and suffered personal injuries, for which he sought to recover $25,000.

The defendant denied negligence and claimed contributory negligence of the plaintiff in that the plaintiff overtook and passed on the right a truck which was standing at the intersection giving a left-turn signal; that the truck blocked the plaintiff's view, and that he came into the intersection without seeing her car which was making a left turn with its left turn signals operating; that he failed to yield the right-of-way to the defendant, and that his alleged negligence was a proximate cause of his injuries.

The plaintiff testified that as he approached the intersection, the truck was sitting in front of him with its blinkers indicating a left turn and its brake lights on. The plaintiff drew a diagram which indicated that he passed the truck on his right, entered the intersection and struck the Anglia in the side as it was making a left turn.

On cross examination, the plaintiff said there was a solid double yellow line leading up to the intersection; that when he first saw the truck it appeared to be slowing down and was already signaling for its left turn; and that when it stopped about 150 to 200 feet ahead of him, he "knew the likelihood for its stopping there was traffic coming the other way or it would have made a left turn, either that or it was stalled." He said he passed the truck on the right and was in front of the door of the truck when he first saw the car. "The truck blocked my view as I started to go around it, and it wasn't until I got alongside the truck that I was able to see what traffic was either in the intersection or just east of it. . . . The first time I saw the car it had its left turn signal on and was starting to cut across the center line of # 27 on the bridge. . . . I was not able to see the car until I was about the front of the truck, and before that the truck blocked my view . . . of oncoming traffic until I got up around the front of it. And I passed the truck before I could see what was ahead of me in the oncoming lane."

The plaintiff offered no other evidence, and at the close, the defendant's motion for judgment as of nonsuit was allowed. The plaintiff appealed.

*Carl W. Howard, Attorney for plaintiff appellant.*
*Carpenter, Webb & Golding by John G. Golding, Attorneys for defendant appellee.*

PLESS, J.   The plaintiff contends that the defendant was negligent in that she violated G.S. 20-153(a) which requires that in making a left turn a motorist shall pass beyond the center of the intersection before turning the vehicle to the left. He claims that Miss Bolton "angled" across the intersection and that this was a proximate cause of the collision and the injuries he sustained. But even had she complied with this statute, the plaintiff came from concealment behind the truck at a speed of twenty miles per hour, and he could not have stopped his Honda within the short distance available.

The plaintiff also claims that the defendant violated G.S. 20-154 in making a left turn without first seeing if it could be done in safety. In *McNamara v. Outlaw*, 262 N.C. 612, 138 S.E. 2d 287, the Court said: "The provisions of G.S. 20-154(a) do not require infallibility of a motorist, and do not mean that he cannot make a left turn upon a highway 'unless the circumstances be absolutely free from danger' "; and Miss Bolton was not required to foresee that the plaintiff would violate G.S. 20-149(a) by passing the truck on its right.

The plaintiff's contentions are not convincing, but even assuming his evidence to be sufficient to withstand the nonsuit motion, the plaintiff's admissions establish his own contributory negligence to an impressive degree.

He violated G.S. 20-149(a) in passing the truck on the right. It provides that the overtaking driver "shall pass at least two feet to the left" of the other vehicle. While it would have been negligence for the plaintiff to pass on the left, which would have required him to cross a double yellow line, the collision probably would not have resulted, since from the left side of the truck he could have seen the defendant's oncoming car. He admitted that the truck was giving a left turn signal and was stopped, which indicated that it could not proceed because of traffic coming in the opposite direction. With this warning, the plaintiff nevertheless passed the truck, which was of average truck size, and entered the intersection at a speed of some 20 miles an hour when his view of the highway ahead had been completely obstructed as he traveled the length of the truck. Analyzed, this means that he could not possibly keep a proper lookout and that he entered the intersection under these conditions. In doing so, he did that which a person of ordinary prudence, or of any prudence, would not have done.

The duty to keep a proper lookout requires increased vigilance when the danger is increased by conditions obstructing the motorist's view. 1 Strong, N. C. Index 2d, Automobiles, § 8. In *Hines v. Brown*, 254 N.C. 447, 119 S.E. 2d 182, it was held that "[t]he dark-

ness of the night should have increased the traveler's vigilance." It has also been held that fog may increase the hazard with the same requirement of increased caution. *Moore v. Plymouth,* 249 N.C. 423, 106 S.E. 2d 695.

The plaintiff voluntarily and unlawfully created a situation that caused his view to be obstructed and which required extra vigilance on his part. He was guilty of contributory negligence as a matter of law which justified the action of the Judge below, and the ruling of the Court in allowing the motion for nonsuit was correct.

No error.