ROTHA MERRIT WILSON, JR., v. J. W. DUNN COMPANY
AND
CONNIE MARIE WILSON, BY HER NEXT FRIEND, ROTHA MERRIT WILSON, JR., v. J. W. DUNN COMPANY.

(Filed 28 February, 1968.)

**1. Trial § 21—**

On motion to nonsuit, plaintiff's evidence must be taken as true and considered in the light most favorable to him, resolving all contradictions therein in his favor and giving him the benefit of every inference which can be reasonably drawn therefrom.

**2. Negligence § 26—**

Nonsuit for contributory negligence is proper only when plaintiff's own evidence discloses contributory negligence so clearly that no other reasonable conclusion may be drawn therefrom.

3. **Automobiles § 79—    Evidence held insufficient to show contributory negligence as a matter of law in intersection accident.**

Plaintiff's evidence was to the effect that she was driving in the northbound lane of a four-lane highway, that the northbound and southbound lanes were separated by a grass median, that as she approached an intersection she slowed to 30 miles per hour, that when 200 feet from the intersection she observed defendant's truck approaching the intersection from a road to her left, that defendant's truck did not stop but entered the intersection at a speed of 10 to 12 miles per hour, crossed the dual southbound lanes, slowed down as it entered the crossover in the median, then speeded up when plaintiff was 50 feet from the intersection and crossed into the right-hand northbound lane in front of plaintiff's automobile, which was still traveling at 30 miles per hour, where plaintiff collided with the right rear wheel of defendant's truck, *is held* insufficient to establish contributory negligence on the part of plaintiff barring recovery as a matter of law.

APPEAL by defendant from *Gambill, J.,* at the 9 October 1967 Civil Session of the Superior Court of DAVIDSON County.

These two civil actions were instituted in the Superior Court of Davidson County, one by Rotha Merrit Wilson, Jr., the owner of a Volkswagen automobile to recover for damages to his automobile, and the other by his daughter, Connie Marie Wilson, the driver of the Volkswagen, to recover for her bodily injuries arising out of a collision which occurred 26 August 1966, between the Volkswagen and a Ford dump truck owned by the defendant, J. W. Dunn Company, and driven by its agent. The cases were consolidated for trial and for purposes of this appeal. At the trial it was stipulated that at the time of the collision the defendant's truck was being operated by its agent in the scope of and in the course of his employment by the defendant, and that Connie Marie Wilson was operating a family-purpose automobile owned by her father, Rotha Merrit Wilson, Jr., and with his knowledge and consent.

The pleadings raised issues of negligence and contributory negligence. At the close of evidence for plaintiffs, and again at the close of all of the evidence, the defendant moved for nonsuit, which motions were denied. The jury by its verdict found the defendant negligent, the plaintiffs free from contributory negligence, and awarded $1,000.00 as damages to the plaintiff automobile owner for property damage and $1,000.00 as damages to the plaintiff driver for her bodily injuries.

From judgment in accord with the verdict, defendant appeals, assigning as error the action of the trial court in denying defendant's motions for nonsuit.

*Walser, Brinkley, Walser & McGirt by Walter F. Brinkley for defendant appellant.*

*Jack E. Klass and Hudson, Ferrell, Petree, Stockton, Stockton & Robinson by W. F. Maready for plaintiffs appellees.*

PARKER, J.  Defendant in its brief and argument on this appeal has apparently conceded, and we agree, that there was sufficient evidence of negligence on the part of the driver of defendant's dump truck to take that issue to the jury. Defendant contends, however, that its motion for nonsuit should have been allowed on the grounds that the plaintiff, Connie Marie Wilson, was guilty of contributory negligence as a matter of law and this contention is the sole question presented by this appeal.

In considering a similar question in the recent case of *Anderson v. Carter*, 272 N.C. 426, 429, (1968), the North Carolina Supreme Court said: "It is elementary that upon a motion for judgment of nonsuit the evidence of the plaintiff must be taken to be true and must be considered in the light most favorable to him, resolving all contradictions therein in his favor, and giving him the benefit of every inference in his favor which can reasonably be drawn from it. Strong, N. C. Index, Trial, § 21. Obviously, the evidence of the plaintiff, so construed, is ample to support a finding of actionable negligence by the defendant. A judgment of nonsuit on the ground of the plaintiff's contributory negligence can be granted only when the plaintiff's evidence, considered in accordance with the above rule, so clearly establishes his own negligence as one of the proximate causes of his injury that no other reasonable inference or conclusion can be drawn therefrom. *Black v. Wilkinson*, 269 N.C. 689, 153 S.E. 2d 333; *Pruett v. Inman*, 252 N.C. 520, 114 S.E. 2d 360; *Bondurant v. Mastin*, 252 N.C. 190, 113 S.E. 2d 292."

Considering the evidence of the plaintiffs in the light of the foregoing rules, plaintiffs' evidence tended to show: That on the afternoon of 26 August 1966, Connie Marie Wilson, a sixteen year old girl, was driving her father's Volkswagen in a northerly direction on N. C. Highway 150 on a trip with a young girl companion from her home in Lexington to Winston-Salem. At the point where the collision occurred, N. C. Highway 150 is intersected and crossed by a rural paved road, which constitutes one continuous road but is given two numbers, RPR 3011 being the number given to designate the rural paved road as it runs into the intersection from the west and RPR 1508 being the number given to the rural paved road as it runs into the intersection from the east. At the intersection N. C. 150 is a four-lane, paved highway with two lanes of traffic for northbound

travel, two lanes of traffic for southbound travel, with the north-bound and southbound lanes being separated by a grass covered median strip. The intersection is located in open rural country, and at the intersection N. C. Highway 150 is a through highway with a speed limit of 55 miles per hour. There are stop signs located at the intersection requesting all traffic on the rural paved road entering N. C. Highway 150 from either direction to stop. At a point 255 feet south of the intersection the northbound and southbound lanes of Highway 150 are each 24 feet in width and the grass covered median is 32 feet 6 inches in width. As one proceeds northward from that point on Highway 150 toward the intersection, the median grad-ually narrows and the northbound lane gradually widens to permit room for a lane of left-turn traffic, so that at the southern edge of the intersection the northbound lane is 33 feet in width and the median is 16 feet 10 inches in width, with the southbound lane re-maining 24 feet in width. North of the intersection the northbound lane of Highway 150 is again 24 feet in width while the southbound lane is wider, to permit a left-turn lane for traffic moving south on 150 and desiring to turn left at the intersection, with the median on the north being approximately twenty feet in width at the north edge of the intersection. Farther north, at a point approximately 100 feet north of the intersection, the median again widens to 32 feet in width.

At approximately 2:15 p.m., in the afternoon of 26 August 1966, Connie Marie Wilson drove her father's Volkswagen in a northerly direction on Highway 150 toward the intersection and at a speed of approximately 40 miles per hour. There is a slight hill approximately 480 feet south of the intersection and as the Volkswagen passed this hill and continued to approach the intersection, Connie Marie Wil-son took her foot off of the accelerator and slowed the Volkswagen to approximately 30 miles per hour. When she was approximately 200 feet from the intersection, she observed the defendant's dump truck on her left, on RPR 3011 at or around the stop sign. The truck did not stop but continued to move at approximately ten to twelve miles per hour as it entered into the intersection and crossed the dual lanes for southbound traffic on Highway 150. As it entered the cross-over in the median, the truck slowed down even more. When the Volkswagen was approximately 50 feet from the intersection, the truck speeded up and crossed into the northbound lanes of traffic on Highway 150 directly in front of the Volkswagen. At this point, the Volkswagen was traveling approximately 30 miles per hour and Connie Marie Wilson put her foot on the brakes, but did not have time to apply them effectively to slow or stop the Volkswagen be-

fore the collision occurred. The front of the Volkswagen struck the right rear wheel of the truck, which was located approximately three feet from the rear end of the truck. The impact occurred in the right-hand, northbound lane close to the extreme right, or eastern, side of Highway 150 and at the point where RPR 1508 intersects.

On the foregoing evidence it is the contention of the defendant that the plaintiff, Connie Marie Wilson, was guilty of contributory negligence as a matter of law. We do not agree. Since the burden of proof on the issue of contributory negligence is upon the defendant, a motion for judgment of involuntary nonsuit upon that ground should be allowed only when the evidence of the plaintiffs, considered alone and taken in the light most favorable to them, together with all inferences favorable to them which may reasonably be drawn therefrom, so clearly establishes the defense that no other conclusion can reasonably be drawn. *Raper v. Byrum,* 265 N.C. 269, 144 S.E. 2d 38 (1965), and cases there cited.

Defendant contends that the intersection in question was in law but a single intersection, since at the point of intersection the median strip is less than 30 feet in width, and therefore the definition set forth in G.S. 20-38(12) which states that where a highway includes two roadways 30 feet or more apart, then each crossing of each roadway of such divided highway by an intersecting highway shall be regarded as a separate intersection, does not apply in this case. We do not find it necessary to pass upon this contention of the defendant, though we point out that at a point 255 feet south of the intersection, and again at a point 100 feet north of the intersection, the northbound and southbound roadways of Highway 150 are more than 30 feet apart, and that the median strip narrows as the intersection is approached only in order to permit more room for left-turn lanes of traffic. Therefore we think it entirely possible that this is the type of intersection which the legislature intended by G.S. 20-38(12) to be treated as two separate intersections. However, accepting for present purposes the defendant's contention to be correct that this constituted in law but a single intersection, we still cannot agree that the evidence of the plaintiffs so clearly establishes that Connie Marie Wilson was guilty of contributory negligence that no other conclusion can reasonably be drawn.

Defendant's contention is that Connie Marie Wilson first observed the truck as it was entering the intersection and at a time when she was approximately 200 feet away, and that in the exercise of such care as an ordinarily prudent person would take to avoid a collision with the truck, she had ample time to apply her brakes and to slow her Volkswagen or to change its course sufficiently

to avoid the collision. Defendant contends that this being considered as a single intersection, Connie Marie Wilson had no right to assume that the truck driver would stop in the median, but was under a duty to anticipate that he would continue across the northbound lane of traffic, and that had she exercised ordinary care she could have avoided the collision, either by applying her brakes in time, or by steering her Volkswagen to the left into that portion of the northbound lane which was not obstructed by the truck, or a combination of both. Defendant contends that the evidence establishes that Connie Marie Wilson did not apply her brakes, did not steer to the left, but on the contrary steered her Volkswagen directly into the right-hand, rear wheel of the truck.

We grant that a very cautious or a very skillful driver, when faced with the situation which Connie Marie Wilson confronted, might have successfully taken action to avoid the collision. We grant that the evidence was sufficient to take to the jury the issue of whether or not she did in fact exercise such care to avoid the collision as an ordinarily prudent person would have exercised under the circumstances. But we do not agree that the evidence so clearly establishes the fact of her negligence as to require that this be found as a matter of law. She was traveling at 30 miles per hour, well within the lawful limit. At this speed her vehicle was moving 44 feet per second. She saw the truck slow down as it entered into the median. We do not think that an ordinarily prudent person in her situation must have anticipated, or was under a positive legal duty to anticipate, that the truck would continue across in front of her line of traffic. Not until she was about five car lengths away or approximately 50 feet from the intersection did she see the truck suddenly speed up as is passed through the median and move across directly into her path in the northbound lane of Highway 150. She then had only slightly more than one second in which to apply her brakes and slow or change the course of her vehicle. We do not think that her failure to do so establishes contributory negligence as a matter of law.

That she drove into the right-hand rear wheel of the truck, instead of attempting to drive in front or behind the truck, may have under the circumstances been her safest course. She testified that she thought it was, stating in response to a question of defendant's counsel as to whether or not she more or less intended to hit the truck's right rear wheel: "Yes, it was the safest thing I could think of then because if I went either way, I would have gone under the truck and cut the top of the car off and my head." She further testified: "When I saw he went ahead and speeded up and tried to

get in front of me, I saw if I went to the right of him, I would go completely under his truck and if I went to the left, I couldn't get behind, I would go under it anyway or run in the median, so I just really guided for the wheel because I knew that would definitely stop us and probably not kill us." We cannot say as a matter of law that Connie Marie Wilson was wrong in this conclusion. We think the issue of her contributory negligence was properly submitted to the jury. The judgment below is

Affirmed.

CAMPBELL and MORRIS, JJ., concur.