### JAMES M. FORD v. ALBERT SMITH

#### No. 6927SC510

#### (Filed 19 November 1969)

**1. Negligence § 35— nonsuit for contributory negligence**

Judgment of nonsuit for contributory negligence cannot be sustained unless the plaintiff's evidence, considered in the light most favorable to him, so clearly establishes his own negligence as one of the proximate causes of his injury that no other reasonable inference may be drawn therefrom.

**2. Negligence § 35— nonsuit — acts of contributory negligence not alleged**

Acts of contributory negligence not alleged in the answer should be ignored.

**3. Automobiles §§ 77, 79— contributory negligence — passing to right of left-turning vehicle**

In this action for personal injuries received by plaintiff motorcyclist in a collision at an intersection controlled by traffic lights, plaintiff was not contributorily negligent as a matter of law in passing on the right a left-turning vehicle which had stopped ahead of him at the intersection, the provision of G.S. 20-149(a) requiring the driver of a vehicle passing another vehicle proceeding in the same direction to pass at least two feet to the left thereof being inapplicable.

**4. Automobiles § 79— intersection accident — contributory negligence — failure to maintain proper lookout**

In this action for personal injuries received by plaintiff motorcyclist in a collision at an intersection controlled by traffic lights, plaintiff's evidence does not establish as a matter of law that plaintiff failed to keep a proper lookout, where it tends to show that plaintiff passed to the right of a left-turning vehicle, that plaintiff was faced with a green traffic signal when he entered the intersection, that defendant's car entered the intersection on a red light, that plaintiff first looked to the left and saw defendant's car coming into the intersection about five or six feet from him when he got past the left-turning vehicle, and that he could not see

defendant's car until he went past the left-turning car, since in the absence of anything which gave or should have given him notice to the contrary, plaintiff had the right to assume that motorists faced with the red traffic signal would yield the right-of-way as required by law.

**5. Automobiles § 79—   intersection accident — contributory negligence — failure to keep vehicle under proper control**

In this action for personal injuries received by plaintiff motorcyclist in a collision at an intersection controlled by traffic lights, plaintiff's evidence does not establish as a matter of law that plaintiff failed to keep his vehicle under proper control, where it tends to show that plaintiff stopped behind another vehicle which was already stopped for a red light and signaling for a left turn, that when the light changed to green he proceeded to the right of the left-turning vehicle at five to ten miles per hour, and that he tried to stop his motorcycle when he saw defendant's automobile five or six feet away.

APPEAL by plaintiff from *Grist, J.,* 16 June 1969 Session of GASTON County Superior Court.

Plaintiff instituted this action to recover for personal injuries allegedly sustained when the motorcycle he was operating collided with a car being operated by defendant at a Mount Holly intersection. Defendant answered denying negligence, pleading contributory negligence, and asserting a counterclaim for his damages. At the conclusion of plaintiff's evidence the court allowed defendant's motion for judgment of nonsuit and the plaintiff appealed assigning the granting of that motion as error.

*Childers and Fowler by Henry L. Fowler, Jr., for plaintiff appellant.*

*Hollowell, Stott & Hollowell by Grady B. Stott for defendant appellee.*

GRAHAM, J.

The parties do not dispute the fact that sufficient evidence was presented to take the case to the jury on the issue of defendant's actionable negligence. Therefore, the only question before us is whether plaintiff's evidence establishes as a matter of law his own negligence as one of the proximate causes of his injury. *Jernigan v. R. R. Co.,* 275 N.C. 277, 167 S.E. 2d 269.

[1]   The judgment of nonsuit cannot be sustained unless the plaintiff's evidence, considered in the light most favorable to him, so clearly establishes his own negligence as one of the proximate causes of his injury that no other reasonable inference may be drawn there-

from. *Bowen v. Gardner*, 275 N.C. 363, 168 S.E. 2d 47; *Anderson v. Carter*, 272 N.C. 426, 158 S.E. 2d 607; *Black v. Wilkinson*, 269 N.C. 689, 153 S.E. 2d 333.

Evidence of the plaintiff, taken in the light most favorable to him, tended to show as follows: On 11 August 1967, the plaintiff was operating a motorcycle south on Main Street in Mount Holly. When he got to the intersection of Charlotte Avenue and Main Street, the traffic control light at the intersection was red for traffic moving along Main Street. Plaintiff brought his motorcycle to a stop behind a car that was already stopped for the light and signaling for a left turn. There was only one lane for traffic traveling south on Main Street, but at the intersection there was sufficient room for the plaintiff to safely pass to the right of the turning vehicle and clear the intersection. When the light changed to green, the car ahead of the plaintiff moved forward for about 8 feet into its turn. The plaintiff proceeded around the turning vehicle on the right at a speed of from 5 to 10 miles an hour. As the plaintiff entered the intersection the front of his motorcycle collided with the right side of the defendant's car which was moving west through the intersection along Charlotte Avenue. A police officer was standing about 60 feet from the intersection and witnessed the collision. He stated that the light controlling traffic along Charlotte Avenue changed from yellow to red when the defendant's car was 10 to 15 feet east of the intersection and that defendant's car entered the intersection on a red light. The left-turning car ahead of the plaintiff stopped just as the plaintiff entered the intersection and the collision occurred. The plaintiff testified:

"After I got on past the car that I said was giving a left turn signal, that's when I looked to my left and saw Mr. Smith's car the first time. At that time Mr. Smith's car was coming into the intersection. . . . I don't know how far from my motorsycle Mr. Smith's car was when I first saw it. I guess it was about five or six feet. I tried to stop when I saw he was that close; I hit the brakes on the motorcycle."

The plaintiff further testified that he could not see the defendant's car until he went past the car making the left turn.

[2, 3]   Defendant contends that plaintiff's act of passing to the right of the left-turning vehicle establishes actionable negligence on his part sufficient to justify the nonsuit. However, the theory of the defendant's answer is that it was the plaintiff who "ran the red light" and no allegation appears asserting the act of passing on the right as an act of negligence. Acts of contributory negligence not

alleged in the answer should be ignored. *Bowen v. Gardner, supra; Maynor v. Pressley*, 256 N.C. 483, 124 S.E. 2d 162; *Rodgers v. Thompson*, 256 N.C. 265, 123 S.E. 2d 785; *Skinner v. Jernigan*, 250 N.C. 657, 110 S.E. 2d 301. Even if alleged, it is our opinion that the act of passing on the right under the circumstances of this case would not compel a nonsuit. "Generally, the overtaking driver is justified in proceeding along the right side of the highway in attempting to pass the forward vehicle where the driver of the latter gives a left-turn signal or pulls over to the left as though intending to make a left turn." 38 A.L.R. 2d 109, 117, Annotation.

G.S. 20-149(a) requires the driver of a vehicle in overtaking and passing another vehicle proceeding in the same direction, to pass at least two feet to the left thereof. In commenting on that statute in the case of *Maddox v. Brown*, 232 N.C. 542, 547, 61 S.E. 2d 613, our Supreme Court stated:

"[N]otwithstanding the provisions of this statute, a motorist may, in the exercise of ordinary care, pass another vehicle, going in the same direction, on the right of the overtaken vehicle when the driver of that vehicle has given a clear signal of his intention to make a left turn and has left sufficient space to the right to permit the overtaking vehicle to pass in safety."

This rule, however, does not mean that the act of passing on the right of a left-turning vehicle at an intersection may not be accomplished in such a manner as to constitute negligence. *Ward v. Cruse*, 236 N.C. 400, 72 S.E. 2d 835, 38 A.L.R. 2d 109. The question of negligence under such circumstances is for the jury to determine under appropriate instructions by the court, applying the rules stated in the *Maddox* case and other applicable rules of due care.

[4]    We are of the further opinion that the plaintiff's evidence does not establish as a matter of law that the plaintiff failed to keep a proper lookout or failed to maintain his motorcycle under proper control. The plaintiff was faced by the green traffic signal, and, in the absence of anything which gave or should have given him notice to the contrary, he had the right to assume that motorists faced with the red signal would yield the right-of-way as required by law. 1 Strong, N.C. Index 2d, Automobiles, § 10, p. 425 and cases therein cited. In the case of *Currin v. Williams*, 248 N.C. 32, 102 S.E. 2d 455, the plaintiff testified: "At the speed I was going I could have stopped my car in ten feet. If I had seen the man coming I could have. I did not see him coming. I was looking down the road, but my crossview would have given me some distance." Also: "Q You did not look to your left nor your right? A No. I didn't look

sideways. I was looking forward." The plaintiff in that case further testified that he did not see the approaching vehicle before the collision. The case was nevertheless submitted to the jury. In finding no error the Supreme Court stated through Bobbitt, J., at p. 37:

> "Under the evidence here presented, we cannot say that the only reasonable inference or conclusion that may be drawn therefrom is that defendant was operating his car in such manner as to put plaintiff on notice, at a time when plaintiff could by the exercise of due care have avoided the collision, that defendant would not stop in obedience to the red light. We conclude that it was proper to submit the issue of contributory negligence to the jury."

The evidence of the plaintiff here no more compels such a single inference than did the evidence of the plaintiff in the *Currin* case.

[5]   On the question of control, the plaintiff testified that his speed was only five to ten miles per hour and that he tried to stop his motorcycle when he first saw the defendant five or six feet away. He had traveled only a short distance from where he had stopped and waited for the light to change. Such evidence does not establish as a matter of law that plaintiff failed to keep his motorcycle under proper control.

The defendant cites the case of *Almond v. Bolton,* 272 N.C. 78, 157 S.E. 2d 709, as controlling here. Conceding that the *Almond* case is similar in many respects to the instant case, we are nevertheless more impressed with its distinctions. There, the plaintiff motorcycle operator observed a left-turning truck that had stopped at an intersection 150 feet ahead of him. He admitted that this put him on notice that the truck could not complete its turn because of the presence of other traffic. Plaintiff nevertheless went around the truck on the right and continued into the intersection at a speed of 20 miles per hour. In the case before us the evidence was that the turning vehicle moved into its turn and stopped just as the plaintiff entered the intersection and the collision occurred. Furthermore, the *Almond* case involved a defendant who was meeting the plaintiff and turning left in front of him. Plaintiff did not, as did the plaintiff here, have the right to rely on a traffic signal governing the movement of traffic through the intersection, absent some indication to him that he could not rely on it.

An issue of plaintiff's contributory negligence as a proximate cause of his injury obviously arises on his own evidence. It is in our

opinion, however, a question to be resolved by the jury and the judgment of nonsuit must therefore be reversed.

Reversed.

Campbell and Parker, JJ., concur.