JENNIE DUNCAN, PLAINTIFF v. JOY NADINE AYERS, DEFENDANT AND THIRD-PARTY PLAINTIFF v. LILLIE PITMAN PENDLEY, THIRD-PARTY DEFENDANT

LILLIE PITMAN PENDLEY, PLAINTIFF v. JOY NADINE AYERS, DEFENDANT

No. 8124SC197

(Filed 1 December 1981)

1. Automobiles § 77— automobile accident—contributory negligence—failure to direct verdict proper

In a civil action whereby plaintiffs alleged negligence on the part of defendant in turning into their car while making a left turn, the plaintiffs' evidence was sufficient to support a verdict for them. Although there was evidence of plaintiffs having passed a vehicle stopped in the left lane improperly, all the evidence which supported plaintiffs' claim, when taken as true and viewed in the light most favorable to them, was sufficient to support a verdict for them.

**2. Automobiles § 90— failure to instruct on plaintiff's contributory negligence— improper**

     The defendant was entitled to have the jury instructed with respect to one plaintiff's contributory negligence in passing a vehicle on the right in violation of G.S. 20-150(c) as defendant's evidence tended to support that charge.

APPEAL by defendant from *Snepp, Judge.* Judgment entered 1 October 1980, Superior Court, MITCHELL County. Heard in the Court of Appeals 23 September 1981.

These actions, consolidated for trial and on appeal, arose out of an intersection collision between a vehicle owned by Jennie Duncan (hereinafter Duncan) and driven by Lillie Pitman Pendley (hereinafter Pendley) and a vehicle driven by Joy Nadine Ayers (hereinafter Ayers). From the pleadings and the evidence, it appears to be uncontradicted that Duncan was proceeding in a westerly direction on U.S. 19 and that Ayers was proceeding in an easterly direction on U.S. 19. Ayers attempted to make a left turn and collided with Duncan who was continuing in her right hand lane. There is some evidence that one Thomas was preparing to make a left turn from 19E. As he sat waiting for traffic to clear the intersection, Pendley came from behind him and to his right side, went into the intersection, and collided with defendant's vehicle.

Duncan brought an action against Ayers. Ayers answered, denying any negligence on her part, pleading the contributory negligence of Pendley and counterclaiming for damages against Duncan. She also filed a third-party complaint seeking damages or contribution from Pendley arising from Pendley's negligence.

Duncan replied to the counterclaim denying all allegations of negligence attributed to her, asserted contributory negligence of Ayers, and reasserted the alleged negligence of Ayers.

Pendley answered denying any negligence on her part, counterclaiming for damages, and alleging contributory negligence on Ayers's part. The trial court dismissed Ayers's third-party plaintiff action against Pendley except for the plea for contribution.

Subsequently Pendley brought an action against Ayers for damages for personal injuries. Ayers answered, denying negligence, pleading contributory negligence and asserting a

counterclaim for damages allegedly resulting from Pendley's negligence. Pendley replied, denying negligence and pleading the alleged contributory negligence of Ayers.

The cases were consolidated for trial. After the evidence was in, Pendley moved for directed verdict as to Ayers's claim for contribution and this motion was allowed. Plaintiffs Duncan and Pendley moved for directed verdict with respect to Ayers's counterclaims. These motions also were allowed. Motions of defendant Ayers for directed verdict in each case was denied. The cases went to the jury in the posture of *Duncan v. Ayers* and *Pendley v. Ayers* on the alleged negligence of Ayers and the averred contributory negligence of Pendley, imputed to Duncan. The jury answered the issues in favor of the plaintiffs and, defendant appeals. Additional facts necessary for decision are set out in the opinion.

*G. D. Bailey, for plaintiff Duncan appellee.*

*Bruce Briggs, and Watson and Dobbin, by Frank H. Watson, for plaintiff Pendley appellee.*

*Morris, Golding, Blue and Phillips, by Sheila Fellerath and William C. Morris, Jr., for defendant appellant.*

MORRIS, Chief Judge.

Defendant contends that his motion for directed verdict should have been granted and that the court should have instructed the jury with respect to the contributory negligence as a matter of law of plaintiff Pendley in passing a vehicle on the right under the circumstances of this case. With the first argument we cannot agree. With respect to the second contention, we are in agreement and order a new trial.

[1] Defendant argues that plaintiff's failure to keep a proper lookout constituted contributory negligence as a matter of law and, therefore, the jury had no function to serve, and his motion for a directed verdict should have been granted. In passing upon a motion for a directed verdict in a jury case, as here, all evidence which supports plaintiff's claim must be taken as true and viewed in the light most favorable to him, giving him the benefit of every reasonable inference which may legitimately be

drawn from the evidence, and with contradictions, conflicts, and inconsistencies being resolved in his favor. *Home Products Corp. v. Motor Freight, Inc.*, 46 N.C. App. 276, 264 S.E. 2d 774, *cert. denied*, 300 N.C. 556, 270 S.E. 2d 105 (1980). The motion may be granted only if, as a matter of law, the evidence is not sufficient to support a verdict for the plaintiff. *Dickinson v. Pake*, 284 N.C. 576, 201 S.E. 2d 897 (1974). Viewed in the light of these principles, the evidence was sufficient to support a verdict. Evidence for plaintiffs was that plaintiff Pendley, driving plaintiff Duncan's car, was proceeding in a westerly direction on Highway 19, a two-lane highway, approaching the intersection of Highway 19 with RPR 1428. When she was "a right smart distance down the road" from the intersection, she saw a red pickup, "a pretty good ways down the other way" coming from the opposite direction. She was driving on the right hand side of the road and there was no obstruction in her "line of vision" as she looked through the intersection. She had a straight road and "didn't see another thing" in her lane until she hit the truck being driven by defendant. She was not required to assume negligence on the part of the driver of the truck in turning without first seeing that a turn could be made in safety. *Boone v. North Carolina Railroad Co. and Southern Railway Co.*, 240 N.C. 152, 81 S.E. 2d 380 (1954). There was evidence of her having passed a vehicle stopped in the left lane preparatory to making a left turn, but she testified that she had no obstruction in her line of vision. This makes *Almond v. Bolton*, 272 N.C. 78, 157 S.E. 2d 709 (1967), inapplicable. There plaintiff, who had passed a truck stopped for a left turn and entered the intersection to collide with a vehicle making a left turn from the opposite direction, testified that the "truck blocked my view as I started to go around it, and it wasn't until I got alongside the truck that I was able to see what traffic was either in the intersection or just east of it." *Id.* at 79. We think the question here was for the jury, and the defendant's motion was properly denied.

[2]   This brings us to the more difficult question. Was defendant entitled to have the jury instructed with respect to plaintiff Pendley's contributory negligence in passing a vehicle on the right in violation of G.S. 20-150(c) and G.S. 20-150.1. G.S. 20-150(c) prohibits the passing of another vehicle proceeding in the same direction at any intersection unless permitted to do so by a traffic or police officer. A violation of the statute has been held to be

negligence *per se* if injury proximately results therefrom. *Carter v. Scheidt,* 261 N.C. 702, 136 S.E. 2d 105 (1964); *Crotts v. Transportation Co.,* 246 N.C. 420, 98 S.E. 2d 502 (1957) and cases there cited; *Teachey v. Woolard,* 16 N.C. App. 249, 191 S.E. 2d 903 (1972).

G.S. 20-150.1 designates four conditions under which the driver of a vehicle may overtake and pass upon the right of another. The only listed condition which could possibly be applicable here is "when the vehicle overtaken is in a lane designated for left turns." The uncontradicted evidence here is that the east side of the intersection, where the vehicle was stopped and the direction from which plaintiff Pendley was approaching the intersection, had one lane for traffic travelling west toward Asheville, and there was no marked left turn area, although such an area was marked off for left turns on the opposite side of the intersection.

Randy Thomas, defendant's only witness, testified that he was stopped in the highway (U.S. 19), close to the divider between the eastbound and westbound lanes, waiting to make a left turn to go into a filling station on the opposite side of the intersection. He saw defendant Ayers enter the intersection. They approached it at the same time. Defendant Ayers was coming from the west, and he was coming from the east. He saw left turn signals being given by the truck. He came to a stop waiting to make a left turn. Defendant stopped at the stop sign and remained stopped for about 10 to 15 seconds and then started to cross the intersection. After she started her turn, the witness observed another vehicle approaching the intersection. This was a Ford car, the vehicle driven by plaintiff Pendley. The witness testified, ". . . just at the moment it (red truck) started to turn I looked in my rear view mirror. At that moment I saw the Pendley vehicle immediately behind me. I immediately looked back in front of me and the vehicles had collided. . . . The Ford had passed my stopped vehicle on the right hand side before the collision. . . . Before the collision I looked in my rear view mirror. I saw the car, heard the tires, heard the brakes, heard the tires squealing but I did not see the collision."

*Teachey v. Woolard* is strikingly similar in its facts. We quote from the opinion:

> Plaintiff's evidence tended to show that on 15 October 1970 at about 1:00 p.m. she was operating her automobile in a

> northerly direction on North Main Street within the town of Fuquay-Varina approaching the point where it is intersected by Wake Chapel Road; that prior to making a left turn into Wake Chapel Road, plaintiff gave a left turn signal and brought her vehicle to a complete stop; that at approximately the same time, oncoming southbound traffic on North Main Street also came to a complete stop with the lead vehicle making preparation to turn left into a private drive; that as plaintiff began to turn left into Wake Chapel Road, defendant drove his vehicle from a position two cars to the rear of the stopped southbound vehicle preparing to turn left into the the private drive, thus overtaking and passing the two stopped vehicles on the right and then collided with the vehicle driven by the plaintiff which was then in the actual process of turning left into Wake Chapel Road.

*Teachey v. Woolard,* supra, at 250.

Defendant's motions for directed verdict were denied. The jury found defendant negligent and plaintiff free from contributory negligence and awarded damages. Defendant assigned as error the following portion of the judge's charge as being an instruction on abstract principles of law and statutory provisions without allegations or evidence to support it:

> . . . that he overtook and passed another car preceding him in the same direction at an intersection of streets without being permitted to do so by a traffice officer or police officer, or that he passed the car in front of him on the right when the car in front of him was not giving a clear signal of intention to make a left turn or had not left sufficient room to pass to the right to permit passing in safety or that he turned from a direct line and attempted to pass the vehicle in front of him without exercising due care to see that he could make the movement in safety . . . [and] that such negligence in any one or more of these respects was a proximate cause of the collision and resulting injuries and damages to the plaintiff . . . .

*Id.* at 253.

We held the charge proper, noting that although the court did not specifically refer to G.S. 20-150(c), it did embody the substance of it in the instructions. We also said that it might have been proper

---

Duncan v. Ayers

---

for the trial judge to instruct that passing on the right when not sanctioned by G.S. 20-150.1 also constitutes negligence *per se*.

So it is in the case before us. It is for the jury to determine whether, if they find that plaintiff Pendley did pass on the right another car proceeding in the same direction without being permitted to do so by a traffic officer or police officer or not under any of the permitted conditions, that negligence was a proximate cause of the collision and resulting damages to plaintiffs.

Plaintiffs argue that the question is not properly presented. It is true that in excepting to the portions of the court's charge with respect to plaintiff Pendley's negligence, defendant did not put in her assignment of error what she contends the court should have charged. This is, without question, a position well taken. Rule 10(b)(2), Rules of Appellate Procedure, provides that "[a]n exception to the failure to give particular instructions to the jury . . . shall identify the omitted instruction . . . by setting out its substance immediately following the instructions given." Nevertheless we cannot perceive that plaintiffs have been prejudiced by this failure. In defendant's answer in each suit he averred as an act of negligence on plaintiff Pendley's part that she "overtook and passed another motor vehicle on the right side thereof when such overtaking and passing was not allowed." The only evidence presented by defendant spoke to this averment. Since this was the only assignment of error to the charge, the court has not been unduly inconvenienced, although our discussing these exceptions in this case is, by no means, to be taken as a waiver in any other case of the requirements of Rule 10.

For the reasons stated herein, defendant is entitled to a

New trial.

Judges CLARK and WELLS concur.